THOMAS H. SATTERTHWAITE and others v. THE BOARD OF COMMISSIONERS OF BEAUFORT COUNTY.

*County Commissioners — Necessary Expenses of County — Parties.*

1. The Board of Commissioners of a county are entrusted with the duty and power of deciding what are necessary county expenses.

2. Repairing and building bridges are a part of the necessary expenses of a county.

3. When an Act authorizing the erection of a private toll-bridge "prohibits the establishment of *any other toll-bridge* or any ferry, within three miles, &c.," it is necessary that the owner of such toll-bridge shall be made a party to an action involving the right of the county to establish a *free* bridge within the prohibited distance, before the determination of the action.

(*Brodnax* v. *Groom,* 64 N C. 244, cited and approved.)

This was a CONTROVERSY submitted without action under the Code of Civil Procedure and heard on the 17th of October, 1876, at Chambers, before *Moore, J.* .

Upon application of citizens of Washington and Chocowinity Townships in Beaufort county, the defendant Board of Commissioners declared that a free bridge across Pamlico river at the town of Washington, was a public necessity and a proper charge of said county. It was thereupon ordered that bonds be issued to the amount of $7,000, and appropriated for the construction of said bridge But it appearing that a toll-bridge already in existence could be bought at a less price than a new one could be built that the same was in good repair, and that it was advisable to buy, the defendants ordered the bonds to be deposited with the County Treasurer, in trust to pay for the bridge when the said Townships shall pay to said Treasurer the sum of $3,000, to be applied to the same purpose.

This proceeding was then had to obtain an adjudication as to the power of the defendants in the premises, and to test the legality of said bonds.

His Honor sustained the action of the defendants and the plaintiffs appealed.

*Messrs. Sparrow & Son,* for plaintiffs.
*Mr. G. H. Brown, Jr.,* for defendants

PEARSON, C. J. "Who is to decide what are the necessary expenses of a County ? The County Commissioners, to whom is confided the trust of regulating all County matters. Repairing and building bridges is a part of the necessary expenses of a County, as much so as keeping the roads in order or making new roads, &c." *Broadnax* v. *Groom*, 64 N. C. 244, where the matter is fully discussed.

The defendants say, that acting as "the Board of Commissioners," they were satisfied that it had become a necessary expense of the County to provide a free bridge across the river at Washington so as to relieve the community from the burden of paying toll every time any one crossed the river (over the bridge now there) to or from the city ; and every time any one transported, by way of the toll-bridge, merchandise, provisions or anything to or from the city.

The Board of Commissioners further say, that endeavoring to perform this duty they were satisfied that the "toll-bridge" could be bought for a sum "much less than a bridge can be built for and that the toll bridge is well built and is in good repair."

Conceding that the Board of Commissioners have power to build a new bridge it is manifest that they have power to buy a bridge already built, for the result is the same. In either way a County bridge is provided for the use of the public, which is the purpose to be accomplished.

It is said in behalf of the plaintiffs that the allegation that the toll-bridge can be bought for less than another bridge can be built for, is on the assumption that in order to build another bridge the Board would be obliged to buy the franchise of the owner of the toll-bridge and this would require more than the cost of a bridge.

In this view it is necessary to put a construction upon the Act of 1866, amending the charter of the toll-bridge, which "prohibits the establishment of *any other toll bridge*, or any ferry within three miles, &c."

Does this prohibition extend to the erection of a *free* bridge by the County, so as to cripple the County for all time to come and take from it a power, the exercise of which has become necessary in the progress of things ? We will not enter upon this question of construction in the absence of the owner of the toll-bridge, who has a right to be heard before it is determined.

The case will be remanded on payment of costs by plaintiffs, to the end that the owner of the toll-bridge may be made a party defendant and the point be distinctly presented by the pleadings ; otherwise, judgment in the Court below affirmed and the proceedings dismissed.

PER CURIAM.                    Judgment accordingly.