T. L. VAUGHN v. BOARD OF COMMISSIONERS OF FORSYTH COUNTY.

*County Court House—Necessary Expense of County—Discretion of Commissioners.*

1. The cost of the erection of a court-house is a necessary expense of a county and the exercise of the discretionary power of the board of commissioners, in providing to meet it, is not reviewable by the courts.

2. Under Section 707 sub-section of *The Code*, as amended by Ch. 135, Acts of 1895, authorizing county commissioners to erect necessary county buildings and raise by taxation the money to pay for the same, the board of commissioners have the discretionary power to issue and sell or discount the notes of the county to provide the means to pay for a court-house and such discretion will not be interfered with by the courts.

3. The fact that Ch. 343, Acts of 1889, authorizing the county commissioners of Forsyth county to issue bonds for a new court-house, required the assent of a majority of the qualified voters to such issue, is no bar to the power of the commissioners conferred by a later Act of the Legislature (Ch. 135, Acts of 1895) to erect necessary public buildings and to raise by taxation the money therefor.

ACTION by T. L. Vaughn in behalf of himself, &c., against the board of commissioners of Forsyth county, to restrain defendants from issuing county notes to pay for the cost of a new court-house, heard, on motion for an injunction, before *Brown, J., at Chambers.*

The complaint was as follows:

"The plaintiff complains and alleges:

"1. That he is a citizen and tax-payer of the county of Forsyth, and sues in his own behalf, and in behalf of such other tax-payers of said county who will join in this action and contribute to the expenses incident to its prosecution.

"2. That the defendant is the properly and lawfully constituted board of commissioners of said county.

"3. That the defendant board, on the____day of November, 1895, passed a resolution, or order, a copy of which is hereto attached and marked 'Exhibit A.', and intended to be taken as a part of this complaint.

"4. That, as plaintiff is advised and believes, it is the purpose and intention of the defendant board, in pursuance of said resolution or order, to execute from time to time, the notes specified in said order, and sell the same, or procure the same to be discounted, for the purpose of providing money to defray the expense of building a new courthouse for the county of Forsyth, without authority of law, as this plaintiff is informed and believes.

"5. That there is no statute in force authorizing the issuing of said notes, or authorizing the borrowing money or the levying of taxes for the purpose contemplated, other than the general statutes in force in North Carolina, except chapter three hundred and forty-three of the Public Acts of the General Assembly of North Carolina, of the session of 1889, to which reference is herein made. That under the provisions of the said Act, the question of issuing bonds, as provided for in said Act was, on the____day of_____1891, duly submitted to the qualified voters of Forsyth county, and at said election a majorty of the qualified voters of Forsyth county did not vote in favor of the levy of the special tax provided for in said Act.

"6. That there has been no other election held on the

subject in Forsyth county, whereby the expression of the popular will of the qualified voters could be expressed.

"7. That the plaintiff is advised and believes that under the laws of North Carolina the said board of commissioners have no power or authority to issue such notes, or to regulate and sell the same, or to levy taxes to pay the same when sold, which they are threatening to do, though the plaintiff has commenced an action against the defendant board in the Superior Court of Forsyth county."

Wherefore plaintiff demands judgment:

"1. That the defendant board show cause, before his Honor, *Geo. H. Brown, Jr., at Chambers,* in the town of Washington, N. C., on the 21st day of November, 1895, why an injunction should not be granted restraining the defendant board from executing and issuing the notes, as set forth in the complaint; and enjoining the defendant from levying taxes to pay the same. ·

"2. That the defendant board be perpetually enjoined from issuing notes, as set forth in the complaint, and perpetually enjoined from levying taxes to pay the same, and for such other and further relief in the premises as may be just.

"WATSON & BUXTON,

"*Attorneys for Plaintiff.*"

*Exhibit A.*

RESOLUTION OF THE BOARD OF COUNTY COMMISSIONERS.

Whereas, by reason of the increase and growth in the population and material interests of the county during the last ten years, by which the business of the county has been much enlarged, demanding greater facilities therefor; and whereas the apparent need of a court-house, of sufficient size and capacity to preserve the records of the county, has been long felt as a grave public necessity ; and whereas, the

grand juries of the county for the past five years, scarcely, without an exception, have, in their official reports, condemned the present building and recommended the building of a court-house in some measure suited to the demands of the county's business, and a like recommendation has been earnestly ⸲uggested by every judge who during this time has presided over the courts of the county; and whereas, it is apparent to every citizen of the county that the present court-house is utterly insufficient for the transaction of the public business; the board of commissioners declares a larger and more commodius court-house a public necessity.

*Therefore, be it Resolved*—That a new and sufficiently capacious court-house be constructed on the site of the present building, which shall cost not exceeding $50,000:

That, to pay for said construction, the board of county commissioners issue, when needed, ten notes of $5,000 each, making a total of $50,000, due and payable as follows, viz: $20,000 May 1, 1898, $20,000 May 1, 1899, and $10,000 May 1, 1900, bearing interest not to exceed 6 per cent. per annum, payable annually; that said notes be executed by the chairman of the board of county commissioners, and signed by the clerk of said board in the presence of the county treasurer and a full board, or a majority of the same.

The answer of defendant was as follows:

"1. That the allegations of Articles Nos. 1, 2, and 3 are admitted.

"2. In answer to Article No. 4, it says that the purpose of the board is to negotiate the notes immediately, and with the proceeds construct a suitable court-house, as set forth in the resolution of the board; and defendants are now negotiating with parties for the sale of the notes or bonds aforesaid, fully believing that the resolution of the

board is lawful and the notes or bonds issued pursuant thereto valid and. legal; and defendants deny that said bonds will be issued without authority of law.

"3. That the allegations of Article No. 5 are not denied.

"4. That the allegations of Article No. 6 are not denied.

"5. That in answer to Article No. 7, it says : That the present court-house is totally insufficient to preserve the public records of the county and to transact the public business ; and such being well known as a fact, the defendant board finds, and here states, that a larger and more efficient court-house is a public necessity. That the county is a large and prosperous county, having about 29,000 inhabitants, and its total taxable property about seven and one-half million dollars. That it owes no debt, save some small sums for recent expenditures, which it can readily pay on presentation of same. That for these reasons defendant says that the price of $50,000, which is to be expended in a court-house, is not excessive and is a proper sum for the construction of such a building, and furnishing the same, as is required to safely preserve the records of the county and transact the public business. All the facts set forth in this paragraph defendant alleges to be true, and can furnish the court with abundant proof thereof.

"And defendant alleges, on information and belief, that the issuing of the bonds or notes, as heretofore mentioned, is in every way legal and valid, and under this belief the resolution set out in the complaint was passed, and it is now negotiating for sale of said notes.

"Wherefore defendant prays that this action be dismissed, for costs, etc."

His Honor rendered the following judgment:

"This cause, coming on to be heard, the court being of opinion that the finding of the defendant, that a construc-

tion of a court-house is a necessary expense, is not review-able and that the defendants have full power to issue the notes and build the court-house. The motion for an injunction is denied."

The plaintiff appealed.

*Messrs. Watson & Buxton*, for plaintiff (appellant).
*Messrs. Glenn & Manly*, for defendant.

AVERY, J.:   *The Code*, Section 707 (9) is so amended by Chapter 135 of the Laws of 1895, as to make the concurrence of the justices of the peace no longer necessary, and to clothe the board of county commissioners of Forsyth county with the power "to erect and repair the necessary county buildings, and to raise by taxation the money therefor." It is absolutely essential to the administration of justice that a suitable court-house and jail should be built at every county site in the State. It is within the province of the courts to determine what are necessary public buildings, and what classes of expenditures fall within the definition of the necessary expenses of a municipal corporation. But, conceding as we do, that the cost of erecting court-houses and jails, like that of building bridges and of constructing public roads, is one of the necessary expenses of a county, we have no authority to control the exercise of the discretionary power vested in the commissioners of determining what kind of a court-house is needed or what would be a reasonable limit to the cost. *Broadnax* v. *Commissioners*, 64 N. C., 244; *Satterthwaite* v. *Commissioners*, 76 N. C., 153. "For the exercise of powers conferred by the Constitution," said PEARSON, C. J., "the people must rely upon the honesty of the members of the general assembly, and of the persons elected to fill places of trust in the several counties. The court has no power, and is

not capable, if it had the power, of controlling the exercise of power conferred by the Constitution upon the legislative department of the government or upon the county authorities." If the inhibition contained in Article VII, Sec. 7, does not extend to the necessary expenses of a county, it is immaterial, in so far as the authority of the *courts is affected, whether the board of commissioners provide for raising the money needed to erect the court-house by issuing evidences of indebtedness and realizing on them, so as to pay the cost of building as the work progresses, or whether they prefer to make a contract to pay in instalments and incur the risk of creating a floating debt. We are not at liberty to declare that the more prudent course is, as far as possible, to pay cash in the hope of securing better terms for the county, but we are not authorized to question the wisdom of the board of county commissioners when they arrive at the same conclusion and act upon it. The legislature of 1895 restored to the boards of county commissioners the same discretionary power exercised by them before the passage of the Act of 1876-'77, Ch. 141, and it is no bar to the exercise of its authority to show that an intervening legislature vested in the commissioners, under Chapter 343, Laws of 1889, the specific power which they are now assuming to exercise, but conditioned upon a favorable vote by the people of Forsyth county. The defendants now have authority under a later statute which confers this and other powers upon the board of every county, and it is like the execution of a second general power of attorney in place of one, which was not only specific but restricted by a condition precedent that was never performed.

We think that the cost of a court-house is a necessary expense to a county, and that the exercise of the discretionary authority of the commissioners in providing in this

case to meet it, is not reviewable by the courts.   The
judgment is affirmed.                          Affirmed.