J. A. HERRING v. R. D. S. DIXON, Sheriff of Greene County.

(Decided March 22, 1898).

*Action to Enjoin Collection of Special Taxes— Counties —Public Roads and Bridges—Necessary Expenses— Special Taxes — Constitutional Law— Convicts on Public Roads.*

1. The cost of building bridges and constructing public roads is a necessary expense of a county, and, hence, the levy of a special tax for such purpose under the authority of an Act of the General Assembly is constitutional, though not submitted to a vote of the people as required by Section 7, Article VII, of the Constitution.

2. A levy by county commissioners of a tax for road and bridge purposes under a special legislative Act authorizing the same is valid, though, when added to the State and ordinary county levies, the whole exceeds the constitutional limitations for the latter.

3. Under Chapter 500, Acts of 1897, requiring the commissioners of certain counties "in their respective joint sessions" to levy a road and bridge tax, the work to be under the control of the "respective boards," and conferring sundry powers on the "respective boards," and giving authority to the board of commissioners of each of the counties to return at will to the old system of working roads, it was *held*, in an action to restrain the collection of special taxes under such Act, that the respective boards were to act, each in and for its own county, the validity of its action not being dependent upon the action in the other two counties.

4. *Semble*, that under legislative authority the boards of commissioners of two or more counties might combine their means and convicts for road building and improvement, and might, in joint session, levy a common tax for some common benefit, treating the counties affected as a taxing district for that special purpose.

5. Section 5 of Chapter 500, Acts of 1897, conferring on the commissioners of certain counties authority to employ on public roads certain classes of convicts is within the legislative power.

CIVIL ACTION for an injunction pending in the Superior Court of GREENE county and heard before *Allen, J.*, at chambers in Kinston, N. C., on 19th November, 1897. By consent, his Honor reserved his decision until the

4th day of December, 1897; when further argument was heard in the cause.

The purpose of the action was to enjoin the collection of a certain tax levied by the Board of Commissioners of Greene county for putting in repair and keeping up the public roads and bridges in said county, under the provisions of Chapter 500 of the Public Laws of the Session of 1897 of the General Assembly of North Carolina.

His Honor gave judgment continuing the injunction to the hearing, and the defendant excepted and appealed.

*Messrs. H. G. Connor* and *S. G. Mewborn* for plaintiff.
*Messrs. Swift Galloway, L. V. Morrill* and *MacRae & Day* for defendant (appellant).

CLARK, J.:   This action is brought to enjoin the collection of a special tax levied by the commissioners of Greene county under authority of Chapter 500, Acts 1897, entitled, ''An Act to provide for the working of the public roads of Greene, Wilson and Wayne counties.''   Section 1 thereof requires the boards of commissioners of said counties ''in their respective joint sessions'' to levy each year a special tax of 15 cents on $100 worth of property and 45 cents on the taxable poll, said. taxes, ''when collected, to be applied to the laying out, discontinuing, establishing, building, constructing and repairing public roads and public bridges in said counties of Greene, Wilson and Wayne, under the supervision, control and management of the said respective boards of commissioners.''   The plaintiff, suing on behalf of himself and other tax payers of Greene county, contends that the Act is unconstitutional :

1. Because the tax has not been authorized by a majority of the qualified voters of said county. The Constitution, Article VII, Section 7, prohibits any tax to be levied or collected by a county, city or town "except for the *necessary expenses* thereof unless by a vote of the majority of the qualified voters therein." But building and repairing public bridges and roads have always been held necessary expenses. The Court in construing this section in *Brodnax* v. *Groom*, 64 N. C., 244, says: "Repairing and building bridges is a part of the necessary expenses of a county as much as keeping the roads in order, or making new roads." In *Vaughn* v. *Commissioners*, 117 N. C., 429, the Court says "the costs of erecting court houses and jails, like that of building bridges and constructing public roads, is one of the necessary expenses of a county." To same purport are *Salterthwaite* v. *Commissioners*, 76 N. C., 153; *Evans* v. *Commissioners*, 89 N. C., 154, and other cases. In *Long* v. *Commissioners*, 76 N. C., 273, the Court enumerates, among the necessary expenses of a county, "repairing county buildings, erecting bridges, building roads, caring for the poor, paying jurors, etc."

There has long been a feeling that the system of working roads entirely by a levy upon labor, without any taxation upon property, was unsatisfactory in its results, and with many there has been a conviction of its unfairness. The present Act is, at any rate, an outcome of what is known as the "Public Roads Improvement" movement, which originating, as far as this State is concerned, in a statute somewhat similar to this, enacted for the county of Mecklenburg, has, with more or less modification, been since enacted for a great many other counties; the features common to all being largely the working of the public roads by taxation in lieu of the

conscription of labor, and further the utilization of convicts, who formerly lay idle in jail. Working the roads being a necessary expense, the courts are incompetent, under the authorities, to interfere with the manner and expense of working them, unless the total levy exceeds the constitutional limitation or the equation is not observed. *Williams* v. *Commissioners*, 119 N. C., 520; *Board of Education* v. *Commissioners*, 107 N. C., 110; *Jones* v. *Commissioners*, Ibid 248; *Barksdale* v. *Commissioners*, 93 N. C., 472; *Cromartie* v *Commissioners*, 87 N. C., 134; *Clifton* v. *Wynne*, 80 N. C., 145; *French* v. *Commissioners*, 74 N. C., 692; *Trull* v. *Commissioners*, 72 N. C., 388; *Mauney* v. *Commissioners*, 71 N. C., 486. In *Vaughn* v. *Commissioners*, 117 N. C., 429, while it was held that the commissioners could incur a debt for necessary expenses without a vote of the people, it was not held that they could levy a tax in excess of the constitutional limit to pay it without special approval of the Legislature.

2. The plaintiff, however, further contends that the levy is unconstitutional because when this special levy is added to the levy by the State and the ordinary county levy, the total exceeds $2.00 on the poll and 66 2-3 cents on the $100 value of property. This tax, however, is authorized by the Constitution, Article V, Section 6, since it has the special approval of the General Assembly and is for a special purpose, that of raising funds by which the county can put the public roads and bridges in better condition than could be done within the constitutional limitation upon taxation. *Broadnax* v. *Groome*, *supra*; *Williams* v. *Commissioners*, *supra*; *Evans* v. *Commsssioners*, *supra*; *Halcombe* v. *Commissioners*, 89 N. C., 346. Article V, Section 6, confers upon the Legislature power to authorize a county by special act

and for a special purpose "to exceed double the State tax." As the State tax is 43 cents, this would have empowered the Legislature to authorize the county to go far beyond the point to which this tax reaches, and, as the greater includes the less, authorizes this levy, which is well within that limit, though exceeding the limitation of 66 2-3 cents on the $100, and $2 on the poll.

The decisions may thus be summed up :

(1) For necessary expenses, the county commissioners may levy up to the constitutional limitation without a vote of the people or legislative permission.

(2) For necessary expenses, the county commissioners may exceed the constitutional limitation by special legislative authority without a vote of the people. Constitution, Article V, Section 6.

(3) For other purposes than necessary expenses a tax cannot be levied either within or in excess of the constitutional limitation except by a vote of the people under special legislative authority. Constitution, Article VII, Section 7.

3. The plaintiff further contends that the Act is unconstitutional because it requires the boards of commissioners of the three counties to act together in the matter of roads and bridges. The Act requires "the boards of commissioners of Greene, Wilson and Wayne, in their respective joint sessions," to levy the tax, and the work is to be carried on under the control of "the respective boards," and Section 5 confers sundry powers on "the respective boards." Section 7 confers authority upon the board, "of each of said counties," and Section 10 gives the board of commissioners of each of the counties authority to return at will to the old system of working the public roads. From the above expressions and the general tenor of the Act, it is plain that the re-

spective boards were each to act in and for its own county, the validity of its action not being dependent upon the action in the other two counties. The word "joint" is a transparent inadvertence of the draughtsman, who doubtless had in mind the former "joint" session of the magistrates with the county commissioners for the purpose of levying taxes. But if this were not so, we are not prepared to hold that the Legislature might not authorize the boards of commissioners of two or more counties to combine their means and convicts for the purpose of obtaining machinery, and also operating their convicts more economically under one guard and superintendent, and possibly might authorize the three boards in joint session to levy a common tax for some common benefit, treating the counties affected as a taxing district for that special purpose. This arrangement might be useful in some instances, but we do not deem it necessary to pass upon the point. No provision of the Constitution was pointed out which clearly forbids it.

4. We see no force in the objection that Section 5 is unconstitutional. It provides that "the said respective boards of commissioners shall have power and authority, under such rules and regulations as they may deem best," to hire or employ convicts on public roads, with provisos that this shall not apply to convicts sentenced for longer than two years, nor to any convict who is physically or mentally incapacitated, nor to any female, nor to any convict who the Judge, in his sentence, directs shall not be so employed. The county commissioners had this authority under *The Code*, Section 3448 (*State v. Yandle*, 119 N. C., 874), and the present statute is even more explicit.

The whole matter is not only within the power of the Legislature, but by the above cited and other provisions

in this Act it has shown great care to prevent abuses. In granting the injunction there was

Error.