L. F. DAVIS v. LENOIR COUNTY ET AL.

(Filed 14 September, 1919.)

**1. Constitutional Law— Municipalities— Counties— Statutes — Public-Local Laws—Taxation—Bonds.**

A public-local law authorizing the board of county commissioners to issue and sell bonds to construct and build public roads of that county is constitutional and valid.

**2. Constitutional Law—Taxation—Roads and Highways—Tax Necessary Expense.**

Bonds issued by a county for constructing and building its public roads are for a necessary expense within the meaning of Art. VII, sec. 7, of the State Constitution.

**3. Same—Approval of Voters—Elections—Majority Vote Cast—Majority of Qualified Voters.**

It is within the discretion of the Legislature to authorize a county to issue bonds for road purposes, either with or without the approval of its voters, or to require only the approval by a majority of the votes cast at a special election authorized for the purpose, and the approval by the majority of the qualified voters is not required for their validity.

**4. Constitutional Law—Roads and Highways—Necessary Expense—Taxation—Property and Polls—Equalization—Legislative Discretion.**

It is not required for the validity of county bonds issued for road purposes that the tax to be levied should observe the equation between the

property and the poll, and the objection is untenable that such tax is to be levied upon property alone, the object being for a necessary county expense.

APPEAL by plaintiff from *Daniels, J.,* at May Term, 1919, of LENOIR. This action was instituted by plaintiff on behalf of himself and others, taxpayers, against Lenoir.County, the board of county commissioners, and the highway commission of said county, to restrain the issuance and sale of $2,000,000 of bonds, authorized by Public-Local Laws 1919, ch. 391, to construct and build the public roads of that county. The restraining order was dissolved by *Daniels, J.,* at the hearing, and the plaintiffs appealed.

*J. Langhorne Barham and James H. Pou for plaintiffs.*
*Cowper, Whitaker & Allen, Dawson, Manning & Wallace, and J. S. Manning for defendants.*

PER CURIAM. The plaintiff, Davis, suing on behalf of himself and others, citizens and taxpayers of Lenoir County, sought to enjoin the issuance of $2,000,000 of bonds authorized by chapter 391, Public-Local Laws 1919, ratified 6 March, 1919, and approved by a vote of the electors of the county at a special election held pursuant to the act. The temporary restraining order issued by *Judge Daniels* was made returnable before him, and heard 21 May, when he dissolved the restraining order, and denied the motion to continue the same.

The plaintiffs contend that the act was unconstitutional:

1. Because a special act of this nature was in violation of Art. II, sec. 29, of the Constitution. This point has been settled against the contention of plaintiff in *Marlin County v. Bank, ante,* p. 26.

2. Because the Court held the construction and building of public roads are a necessary expense within the meaning of Art. VII, sec. 7, of the Constitution, but this has been so determined in *Herring v. Dixon,* 122 N. C., 420; *Tate v. Comrs., ib.,* 812; *R. R. v. Comrs.,* 148 N. C., 237; *Hargrave v. Comrs.,* 168 N. C., 626; *Moose v. Comrs.,* 172 N. C., 419; *Woodall v. Comrs.,* 176 N. C., at pp. 382-383.

3. The plaintiffs also contend that the bonds cannot be issued without having the approval of a majority of the qualified voters of the county, and this act was approved only by a majority of the votes cast. Being a necessary expense, it has been held that an approval of majority of the qualified voters is not required, but that in the discretion of the Legislature a majority of the votes cast shall be sufficient, as is provided in the statute (sec. 6), or the Legislature may authorize the bonds to be issued for such purpose without any vote at all. *Tate v. Comrs.,* 122 N. C., 812; *Wadsworth v. Concord,* 133 N. C., 587; *Burgin v. Smith,* 151

N. C., 561; *Comrs. v. Comrs.,* 165 N. C., 632; *Hargrave v. Comrs.,* 168 N. C., 626; *Swindell v. Belhaven,* 173 N. C., 1; *Woodall v. Highway Comrs.,* 176 N. C., 383.

4. Plaintiffs further contend that the statute is invalid because the tax is to be levied upon property alone, and the equation between property and polls is not observed. In *Moose v. Comrs,* 172 N. C., 431, the Court cited and reaffirmed *R. R. v. Mecklenburg,* 148 N. C., 220; *R. R. v. Buncombe, ib.,* 248, and *Perry v. Franklin, ib.,* 521, which held that, "The equation and limitation of taxation prescribed by Art. V, sec. 1, of the Constitution apply only to taxes for the ordinary expenses of the State and county government, and the levy of taxes for special purposes is committed by the Constitution to the discretion of the General Assembly, which may, as to such taxes, exceed the limitation, and may levy the tax on property alone, without observing the equation, subject to the qualification that if the tax is not for a necessary expense it must be submitted to a vote of the people," in which last case only it must be approved by a majority of the registered voters. *Wagstaff v. Highway Commission (Hoke, J.),* 177 N. C., 355. To same purport, *Jones v. Comrs.,* 107 N. C., 248; *Bennett v. Comrs.,* 173 N. C., 625.

Affirmed.