C. D. BARBOUR v. THE COUNTY OF WAKE AND DR. O. L. RAY, L. Y. BALLENTINE, SAM T. BENNETT, D. H. POPE, AND W. L. WIGGS, AS MEMBERS OF THE BOARD OF COMMISSIONERS OF THE COUNTY OF WAKE.

(Filed 12 June, 1929.)

1. **Taxation A a—Bonds for maintenance of highways are for necessary expense and do not require submission to voters.**

    Bonds issued by a county for the construction and maintenance of its highways are for a necessary county expense within the intent and meaning of the State Constitution, Art. VII, sec. 7, and may be validly authorized by general or special statute and issued by the county thereunder without submitting the question of their issuance to the approval of the voters of the county.

2. **Same—Bonds issued to refund other bonds are for special purpose and do not fall within Constitutional limitation on tax rate.**

    Where the municipal finance act does not apply to refunding certain bonds of a county, issued prior to its operating effect, and the bonds become due and payable, and there is no provision made for their payment, the act of the board of county commissioners in paying them out of the general county fund as a temporary arrangement, using the bonds as collateral to secure the repayment by refunding bonds to be authorized by the Legislature: *Held,* the bonds later authorized by the Legislature and issued by the county to refund the indebtedness to the general county

BARBOUR *v.* WAKE COUNTY.

fund are for a special purpose and do not fall within the general limita-
tion of fifteen cents on the one hundred dollars valuation prescribed by
the Constitution. Art. V, sec. 6.

**3. Same—County commissioners may borrow from general fund to pre-
serve county credit and issue refunding bonds under valid Legisla-
tive authorization.**

The board of county commissioners, having the supervision and control
of roads, bridges, and the levying of taxes and the finances of the county,
Constitution, Art. VII, sec. 2, have the authority by proper resolution to
borrow from the general county fund moneys with which to pay matur-
ing bonds of the county when due, being necessary to preserve the credit of
the county, and to issue refunding bonds for the purpose of repaying this
loan under a valid statute providing therefor and declaring itself to be
a special statute validating and legalizing the transaction.

**4. Statutes A c—Act of Legislature ratifying act of county commissioners,
which it could have authorized, not objectionable as retroactive.**

A statute passed to preserve the credit of a certain county in enabling
it to meet the payment of its bonds when due, authorizing the issuance
of refunding bonds and ratifying the act of the county commissioners in
borrowing from the general county fund pending the authorization and
issuance of the refunding bonds, is not objectionable as a retroactive
statute under the facts of this case.

APPEAL by plaintiff from *Lyon, J.,* 26 April, 1929. From WAKE.
Affirmed.

Controversy without action. *Facts:* Prior to the adoption of the
County Finance Act by the General Assembly on 7 March, 1927, the
county of Wake had incurred indebtedness for the purpose of construc-
tion and reconstruction of highways and bridges in said county, of
$195,000, and for maintenance of highways and bridges of $5,000.

On 1 January, 1929, there became due $28,000 of bonds of said
county $8,000, issued on 1 January, 1899; $20,000 issued 1 January,
1909, pursuant to act of the General Assembly, for the payment of
which no sinking funds were authorized or created. The board of com-
missioners of said county, being forbidden by what is known as the
Harris Act, ch. 509, Public-Local Laws of 1925, to issue any bonds
without a vote of the people, could not refund the same under the pro-
visions of the County Finance Act, and to save the credit of the county
pending the early sitting of the General Assembly, there being in the
county general fund sufficient funds, already allocated to other purposes,
but which could temporarily be used for this purpose, by resolution,
borrowed from the general county fund the said $28,000, and took up
said bonds and directed "that the said bonds be held by the treasurer of
said county as security for said loan, to be later retired by refunding
bonds."

By an act of the General Assembly of 1929, to wit, chapter 112 of the Public-Local Laws of said session, ratified 1 March, 1929, the board of commissioners of the county of Wake were expressly authorized:

1. By section 1(a) to issue bonds of the said county for indebtedness of said county incurred "Prior to the passage of the County Finance Act for the special purpose of building, rebuilding, and maintaining the public roads and bridges of the county of Wake."

2. By section 1(c) to issue bonds of the said county for indebtedness of said county incurred, "on 1 January, 1929, in retiring $8,000 of bonds of said county of Wake issued 1 January, 1899, and $20,000 of bonds issued on 1 January, 1909, no provision for the payment of either of said issues having been made, and paid when due, out of moneys advanced from the general fund of the county of Wake for the year 1928, said fund having theretofore been allocated to the county budget."

The facts in connection with the aforesaid indebtedness are set out in the preamble of said act, and by section 1(e), "All such outstanding indebtedness incurred by said county for said purposes is hereby legalized, validated and declared to be for a special purpose." There is no question as to the passage of the act having been according to constitutional requirements.

Pursuant to, and in accordance with, the terms of said act, the board of commissioners of the said county of Wake duly passed a resolution providing for the issuance of said bonds; that part of said resolution, pertinent hereto, as relates to the bonds herein sought to be restrained, as to the issuance of the $200,000 of bonds, appears in section 1 of said resolution, section 2 of said resolution, section 11 of said resolution, and in the third paragraph of the amended resolution, and as to the $28,000 of bonds appears in section 1 of said resolution, section 4 of said resolution, section 11 of said resolution and in the third paragraph of the amended resolution.

On the .... day of .........., 1929, this action to restrain the issuance of the said bonds was begun, the plaintiff and defendants agreeing on the facts and submitting a case agreed. His Honor, C. C. Lyon, judge, holding the courts of the Seventh Judicial District, refused to restrain their issuance. Plaintiff appealed to the Supreme Court and assigned the following errors:

"1. For that the court erred in not holding that the issuance of the $200,000 of bonds is unlawful and should be enjoined.

2. For that the court erred in not holding that the issuance of the $28,000 of refunding bonds will be unlawful and should be enjoined.

3. For that the court erred in signing judgment as set out in the record."

*J. C. Little for plaintiff.*
*P. J. Olive and John W. Hinsdale for defendants.*

CLARKSON, J. The plaintiff assigned error as follows: "1. For that the court erred in not holding that the issuance of the $200,000 of bonds is unlawful and should be enjoined." We cannot so hold.

Constitution of N. C., Art. VII, sec. 7, is as follows: "No county, city, town or other municipal corporation shall contract any debt, pledge its faith or loan its credit, nor shall any tax be levied or collected by any officers of the same except for the necessary expenses thereof, unless by a vote of the majority of the qualified voters therein."

It has been held in this jurisdiction that the construction and repair of bridges and roads are necessary expenses. To contract a debt for such purposes, a vote of the majority of the qualified voters of a county is not a prerequisite. *Herring v. Dixon,* 122 N. C., 420; *Crocker v. Moore,* 140 N. C., 432; *Hendersonville v. Jordan,* 150 N. C., 35; *Commissioners of Yancey v. Road Commissioners,* 165 N. C., 632; *Moose v. Commissioners of Alexander,* 172 N. C., 419; *Woodall v. Highway Commission,* 176 N. C., 377; *Parvin v. Commissioners of Beaufort,* 177 N. C., 508; *Guire v. Commissioners of Caldwell,* 177 N. C., 516; *Davis v. Lenoir,* 178 N. C., 668.

Constitution of N. C., Art. V, sec. 6 (N. C. Code, 1927, anno.) is as follows: "The total of the State and county tax on property shall not exceed fifteen cents on the one hundred dollars value of property, except when the county property tax is levied for a special purpose and with the special approval of the General Assembly, which may be done by special or general act: *Provided,* this limitation shall not apply to taxes levied for the maintenance of the public schools of the State for the term required by article nine, section three, of the Constitution: *Provided further,* the State tax shall not exceed five cents on the one hundred dollars value of property."

In *R. R. v. Reid,* 187 N. C., at p. 324, it is said: "While the construction and maintenance of the county home and the building and repairing of bridges may be considered a part of the ordinary expenses of the county, to be defrayed out of the general county revenue when sufficient for these purposes, still a tax levied under a special or general act for the specific and exclusive purpose of constructing, maintaining or repairing courthouses, jails, county homes, highways, or bridges is deemed to be levied for a special purpose, . . . *Brodnax v. Groom,* 64 N. C., 244; *Jones v. Commissioners,* 107 N. C., 248; *Williams v. Commissioners,* 119 N. C., 520; *Herring v. Dixon, supra; R. R. v. Commissioners,* 148 N. C., 220, 240; *Jackson v. Commissioners,* 171 N. C., 379, 382; *Moose v. Commissioners,* 172 N. C., 419, 428; *Parvin v. Com-*

*missioners,* 177 N. C., 508; *R. R. v. McArtan,* 185 N. C., 201." *Commissioners v. Assell,* 194 N. C., 412; *Owens v. Wake County,* 195 N. C., 132; *Commissioners v. Assell,* 195 N. C., 719; *R. R. v. Cherokee County,* 195 N. C., 756; *Mayo v. Commissioners of Beaufort,* 196 N. C., 15.

Plaintiff assigns as error: "2. For that the court erred in not holding that the issuance of the $28,000 of refunding bonds will be unlawful and should be enjoined." We cannot so hold.

On 1 January, 1929, there became due $28,000 of bonds of Wake County, $8,000 issued 1 January, 1899, and $20,000 issued 1 January, 1909. No provision had been made for the payment of these valid and outstanding bonds of the county. It was important that the credit of the county be maintained. The board of commissioners of Wake County, by resolution, borrowed from the general county fund the $28,000 and took up said bonds, and the resolution in regard to the transaction was to the effect "that the said bonds be held by the treasurer of said county as security for said loan, to be later retired by refunding bonds." To meet an emergency like the one in question, we can find nothing to criticize.

Constitution of N. C., Art. VII, sec. 2, is as follows: "It shall be the duty of the commissioners to exercise a general supervision and control of the penal and charitable institutions, schools, roads, bridges, levying of taxes, and finances of the county, as may be prescribed by law. The register of deeds shall be, *ex officio,* clerk of the board of commissioners."

We know of no statute, and none was called to our attention, prohibiting the doing of what was done in the present case. It was a temporary loan to meet a pressing emergency to save the county's credit. It was afterwards approved by Legislative enactment. In reference to the indebtedness, the preamble of the act of the General Assembly of 1929 is as follows: "All such outstanding indebtedness incurred by said county for said purposes is hereby legalized, validated and declared to be for a special purpose."

As was said in *Board of Education v. Commissioners,* 183 N. C., at p. 302: "Subject to certain exceptions, the general rule is that the Legislature may validate restrospectively any proceeding it might have authorized in advance." *Construction Co. v. Brockenbrough,* 187 N. C., at p. 77; *Storm v. Wrightsville Beach,* 189 N. C., at p. 683; *Holton v. Mocksville,* 189 N. C., 144; *Commissioners v. Assell,* 194 N. C., at p. 418. The judgment of the court below is

Affirmed.