ALSTON BROOKS v. AVERY COUNTY, NORTH CAROLINA; J. F. HAMP-TON, Chairman; HENRY BURLESON and SMITH EGGERS, Being and Constituting the Board of County Commissioners Thereof.

(Filed 11 July, 1934.)

**Taxation A a—County may issue bonds to refund indebtedness incurred for necessary expenses without submitting the question to vote.**

A county has authority to issue funding and refunding bonds with the approval of the local government commission to take up valid, outstanding indebtednesses of the county which were incurred for necessary county expenses. Art. V, sec. 6.

Appeal by plaintiff from *Warlick, J.,* at 24 May Term, 1934, of Avery. Affirmed.

The following judgment was rendered by the court below: "This cause coming on to be heard before his Honor, the Honorable Wilson Warlick, judge holding the courts of the 17th Judicial District upon case agreed, the plaintiff being represented by J. L. Moody of Siler City, North Carolina, and the defendant being represented by Charles Hughes of Newland, North Carolina, and Siler and Barber of Pittsboro, North Carolina; and it appearing to the court that the board of commissioners of Avery County, North Carolina, on 26 March, 1934, by an order and resolution duly adopted, are proposing to issue funding and refunding bonds in the sum of one hundred and ten thousand dollars (Nos. 1 to 110 of $1,000 each) by the county of Avery,

North Carolina, dated 1 June, 1934, payable on 1 June, 1944, and redeemable at the option of the county at par and accrued interest on any semiannual interest date before maturity, all bonds bearing interest at the rate of 3 per cent per annum up to 1 June, 1939, and thereafter at the following rates, namely: Bonds Nos. 1 to 91 at 6 per cent, Nos. 92 to 96 at 5½ per cent, Nos. 97 to 110 at 5 ¼ per cent per annum, and it further appearing that the issuance of the said bonds has been approved and authorized by the Local Government Commission of North Carolina, and it further appearing that the said resolution and all subsequent acts relative thereto have been done and performed as by law provided, and the court finding as a fact that each and every thing necessary to the validity of said issuance of such bonds has been duly done and performed, and the court further being of the opinion that the bonds to be executed and issued in the form prescribed by the said resolution will be a valid and binding obligation of the county of Avery, State of North Carolina; it is now, therefore, considered, ordered, adjudged and decreed that the bonds above described will be, when duly executed and issued a valid and binding obligation of Avery County, North Carolina, and that the commissioners of said county be and they are hereby authorized, empowered and directed to levy a sufficient tax to pay principal and interest upon said bonds when due.

"It is further ordered, adjudged and decreed that upon delivery by the defendant to the plaintiff of a sufficient number of its bonds to cover the sum due upon the note mentioned and described in the case agreed that plaintiff surrender said note and that the bonds so received by him in exchange therefor are and will be a valid and binding obligation of the county of Avery, and that the commissioners of said county be and they are hereby directed and authorized to levy a sufficient tax to pay principal and interest when due. The plaintiff will pay the costs of this action, to be taxed by the clerk of the Superior Court of Avery County, North Carolina. Done this 24 May, 1934. Wilson Warlick, judge holding court for 17th Judicial District of North Carolina."

The plaintiff excepted and assigned error to the judgment as signed and appealed to the Supreme Court.

*J. Lee Moody for plaintiff.*
*Charles Hughes and Siler & Barber for defendant.*

CLARKSON, J. The defendant, Avery County, owes $110,000 and is unable to pay same. In accordance with the statutes in such cases made and provided, it has done all things required by law to issue the funding and refunding bonds of Avery County, North Carolina, in the principal sum of $110,000. The issuance of the bonds has been approved by the Local Government Commission of North Carolina.

The following is the preamble to a resolution adopted by the board of county commissioners of Avery County, North Carolina, on 26 March, 1934: "Whereas, the county has outstanding the following described valid indebtedness, which was originally incurred for necessary expenses before 1 July, 1933, and which the county has no funds whatever to pay, and, the taxpayers being already overburdened in the present emergency caused by the extended depression, it is absolutely impossible to collect taxes with which to pay the same, and in order to maintain the credit and dignity of the county, it is necessary to provide for the extension of this its honest indebtedness."

In *Commissioners v. Assell,* 194 N. C., 412 (418), we said: "The record does show that the proposed bond issue was for necessary expenses of the county and a valid and legal obligation of the county. The subject or subjects of the necessary expense or expenses for special county purposes are not set forth, and nothing else appearing, it is taken for granted that they were for one or more special necessary purposes and funding permissible under Constitution, Art. V, sec. 6, and the County Finance Act. The special approval has been given by the general act." *S. c.,* 195 N. C., 719; *R. R. v. Cherokee County,* 195 N. C., 756; *Barbour v. Wake County,* 197 N. C., 314; *Bolich v. Winston-Salem,* 202 N. C., 786.

No new debt is created, an extension of time is being secured at a lower rate of interest so the defendant Avery County can meet its honest obligations. The defendant in its brief says: "The appellee respectfully submits that there is no principle of law, no rule of equity, and no constitutional inhibition against the validity of the bonds."

We think from the record as presented to this Court that the judgment of the court below should be

Affirmed.