RAGAN v. COUNTY OF ALAMANCE

[330 N.C. 110 (1991)]

———————

EUNICE HARMON RAGAN AND TERRY WALL, FOR THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, JANET BUTLER, FOR HERSELF AND ALL OTHERS SIMILARLY SITUATED, AND DONNELL S. KELLY, FOR HIMSELF AND ALL OTHERS SIMILARLY SITUATED v. THE COUNTY OF ALAMANCE, THE BOARD OF COMMISSIONERS FOR THE COUNTY OF ALAMANCE, AND W. B. TEAGUE, JR., JOSEPH P. BARBOUR, T. FRANK BENNETT, CARY D. ALLRED, AND LARRY W. SHARPE, ALL DULY ELECTED AND ACTING COMMISSIONERS OF AND FOR ALAMANCE COUNTY

No. 277PA90

(Filed 3 October 1991)

**Courts § 3 (NCI4th); Counties § 20 (NCI4th) — provision of court facilities — writ of mandamus — proper parties**

A superior court has the inherent power to issue a writ of mandamus to the County Commissioners requiring them to provide adequate court facilities. The County Commissioners are necessary parties, and there was no harm in making the Board of County Commissioners a party.

**Am Jur 2d, Courts § 38; Mandamus § 315.**

ON discretionary review of the decision of the Court of Appeals, 98 N.C. App. 636, 391 S.E.2d 825 (1990), vacating an order entered by *Read, J.,* in the Superior Court, ALAMANCE County on 20 July 1989 and remanding the case for further proceedings. Heard in the Supreme Court 14 February 1991.

This is an action by the plaintiffs seeking a mandatory injunction requiring the defendants to construct a new courthouse or to make extensive renovations to the courthouse in Alamance County. In their complaint, the plaintiffs alleged numerous deficiencies

RAGAN v. COUNTY OF ALAMANCE

[330 N.C. 110 (1991)]

in the Alamance County courthouse which they say prohibit fair trials in contravention of various statutory provisions and provisions of the Constitution of North Carolina. The superior court denied motions to dismiss for lack of personal jurisdiction over Alamance County and the Board of Commissioners of Alamance County, lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted.

On appeal the Court of Appeals declined to rule, as argued by the defendants, that the County Commissioners were not the real parties in interest and that sovereign immunity barred an action against the County. The Court of Appeals held that it was in the discretion of the County Commissioners as to the type of courthouse facilities to be provided and a writ of mandamus could not be issued as to this discretionary matter. We allowed the plaintiffs' petition for discretionary review.

*Latham, Wood, Hawkins & Carruthers, by James F. Latham and B. F. Wood, and Stern, Graham & Klepfer, by William A. Eagles, for plaintiff appellants.*

*S. C. Kitchen for County of Alamance and County Commissioners W. B. Teague, Jr., Joseph P. Barbour, Cary D. Allred, and Larry W. Sharpe, defendant appellees.*

*Elizabeth A. Hansen, Human Resources Attorney for County Commissioner T. Frank Bennett, defendant appellee.*

WEBB, Justice.

This appeal brings forward the question of the jurisdiction of the superior court to issue a writ of mandamus ordering the County Commissioners of Alamance County to construct court facilities. We have determined most of the questions raised in this case in our opinion in *In re Alamance County Court Facilities*, 329 N.C. 84, 405 S.E.2d 125 (1991).

The Court of Appeals' opinion in this case was filed before our opinion in *Alamance* was filed. Relying on *Ward v. Commissioners*, 146 N.C. 534, 60 S.E. 418 (1908) and *Vaughn v. Commissioners*, 117 N.C. 429, 23 S.E. 354 (1895), the Court of Appeals held that a writ of mandamus did not lie to compel the County Commissioners to construct or repair courthouse facilities. In *Alamance*, we overruled *Ward* and *Vaughn* so far as they held there could not be a writ of mandamus to compel the construction

RAGAN v. COUNTY OF ALAMANCE

[330 N.C. 110 (1991)]

or repair of courthouse facilities. We now reverse the Court of Appeals, based on our decision in *Alamance*.

In *Alamance*, we held that a superior court has the inherent power to issue a writ of mandamus to the County Commissioners requiring them to provide adequate court facilities. In that case we delineated the procedural and substantive law governing the issuance of such a writ. On the remand of this case, any further proceedings will be governed by such procedural and substantive law.

The appellees also argue that neither the County Commissioners nor the Board of County Commissioners are proper parties to this action and that the County cannot be sued due to the doctrine of sovereign immunity. In *Alamance*, we held that the County Commissioners were necessary parties. In light of the fact that we held that the County Commissioners under certain circumstances were subject to a writ of mandamus to construct or repair courthouse facilities, the doctrine of sovereign immunity does not bar this action. Because we have held that the County Commissioners are necessary parties, there was no harm in making the Board of County Commissioners a party.

For the reasons stated in this opinion, we reverse and remand to the Court of Appeals for remand to the Superior Court of Alamance County for further proceedings consistent with this opinion.

Reversed and remanded.