## BOARD OF SUPERVISORS OF JEFFERSON COUNTY

*v.*

## GEORGE W. JOHNSON.

COUNTY SUPERINTENDENTS—*of their compensation provided by the act of 1867—whether affected by the new constitution.* The *per diem* allowance to county superintendents of schools, provided by the act of 1867, may be regarded as *compensation*, and not as *fees*, in the sense in which the latter word is used in the eleventh section of the tenth article of the constitution of 1870; so that section of the constitution does not operate to repeal the act of 1867 fixing such compensation.

APPEAL from the Circuit Court of Jefferson county; the Hon. JAMES M. POLLOCK, Judge, presiding.

Mr. T. B. TANNER, for the appellant.

Messrs. CASEY & PATTON, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It is stipulated by the parties that the appellee was county superintendent of schools, and in that capacity that he served one hundred and forty-three days since the present constitution of the State went into effect.

The appellee claims, and was allowed by the judgment of the circuit court, compensation under the act of 1867, (Session Laws, p. 161,) at the rate of five dollars per day. The appellant, however, insists that the compensation to be paid to county superintendents is fixed by the act of 1865, (Session Laws, p. ——,) and should be computed at the rate of only three dollars per day, at which rate it is admitted that the appellee has been fully paid for the services rendered.

The only question argued by counsel is, whether the act of 1867 has been repealed by the eleventh section of the tenth article of the new constitution.

That section provides that " the fees of township officers, and each class of county officers, shall be uniform in the class of counties to which they respectively belong. The compensation herein provided for shall apply only to officers hereafter elected, *but all fees established by special laws shall cease at the adoption of this constitution, and such officers shall receive such fees as are provided by general laws.*"

The act of 1867 in express terms repealed all laws in conflict therewith. It is insisted by the appellant that the section of the constitution quoted repeals the law of 1867, and in some way revives the act of 1865, and that the *per diem* compensation of the appellee can only be allowed under the provisions of the latter act.

The law of 1867, which fixes the compensation of county superintendents of schools at five dollars per day, applied to all counties in the State except the county of Cook.

In the view that we have taken it will not be necessary to determine whether the act of 1867 is a special law, and if a special law, whether the same was repealed by the constitution.

The judgment of the circuit court may be maintained on a different ground. The *per diem* allowance to county superintendents of schools may be regarded as *compensation* and not as *"fees,"* in the sense that that word is used in the constitution. Hence, the eleventh section cited can have no application, and does not operate to repeal the law under which the compensation of the appellee was fixed. Such a law is not in conflict with any provision of the constitution.

We are of opinion that the circuit court decided correctly in computing the *per diem* compensation of the appellee at the rate of five dollars under the act of 1867, and the judgment must be affirmed.

*Judgment affirmed.*