THE BOARD OF SUPERVISORS OF KNOX COUNTY

*v.*

FREDERICK CHRISTIANER.

1. CONSTITUTIONAL LAW—*compensation of county superintendent.* The act of 1867, fixing the *per diem* of county superintendents of schools at $5, was not repealed by sec. 11, art. 10, of the new constitution, as such *per diem* may be regarded as compensation, and not "fees," in the sense in which that term is used in the constitution.

2. SAME—*fixing compensation of county officers by county boards.* The 11th section of article 10 of the constitution, which provides that "the compensation herein provided for shall apply to officers hereafter elected," is a limitation on the power of county boards, to fix or change the compensation of officers previously elected. Such officers were entitled to enjoy and receive the emoluments attached to their offices by general laws, all special laws relating to fees having been repealed by the constitution.

3. STATUTE—*whether affecting compensation of officers then elected, or prospective.* By the statute of 1867, county superintendents of schools were allowed $5 per day as compensation. The 27th section of the act relating to fees and salaries, in force July 1, 1872, after fixing the commissions of such superintendents, provided that, for all other services, they should receive $4 per day, for such number of days as the county boards might designate: *Held,* in view of the constitutional provisions bearing on the question, that the act of 1872 applied only to such officers as were elected subsequent to the adoption of the constitution, and that as to county superintendents elected before that time, the provisions of that act, as well as any resolutions of county boards on the subject, were inoperative.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was a suit by Frederick Christianer, against the board of supervisors of Knox county, to recover compensation for services rendered as county superintendent of schools of Knox county. The cause was submitted upon an agreed statement of facts. The court below rendered judgment in favor of the plaintiff, and the defendant appealed.

Messrs. WILLIAMS, McKENZIE & CALKINS, for the appellant.

Messrs. DOUGLAS & HARVEY, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an agreed case, and was heard before the court without the intervention of a jury. The principal facts are as follows: In 1869, appellee was elected and entered upon the duties of the office of county superintendent of schools of Knox county, and still held that office up to the time of the commencement of this action, in 1873. During the period that intervened the 1st day of July, 1872, and the 13th day of January following, he was employed 118 days in the duties of his office, for which he claimed, and was allowed by the judgment of the court, compensation at the rate of $5 per day. That decision is assigned for error.

It is provided in the 27th section of the act in relation to fees and salaries, in force July 1, 1872, after fixing the rate of commissions which the county superintendent of schools will be entitled to receive, that for all other duties required by law to be performed, for such number of days as may be designated by the county board, in counties of the first and second classes, he shall be allowed $4 per day.

Knox county is in the second class, and by resolution adopted by the board of supervisors on the 8th day of July, 1872, the county superintendent was required to spend only five days in each month in the performance of the duties of his office.

Appellee having been elected prior to the adoption of the present constitution, the question arises whether his compensation is to be fixed under the law of 1867, or under the provisions of the act of 1872.

It was held by this court in *The Board of Supervisors* v. *Johnson*, 64 Ill. 149, the act of 1867, under which appellee seeks to have his compensation fixed, was not repealed by the eleventh section of the tenth article of the constitution,

and that the *per diem* allowance to county superintendents might be regarded as compensation and not "fees," as that term is used in that instrument.

The 6th section of the schedule to the constitution declares all persons then filling any office or appointment shall continue in the exercise of the duties thereof, according to their respective commissions or appointments. Appellee was within this saving clause, and could hold his office for the period for which he was elected, viz: for four years from November, 1869.

The 10th section of article 10 provides for fixing the compensation of all county officers by the county board, but it is expressly stated, in the 11th section, "the compensation herein provided for shall apply to officers hereafter elected."

It seems it was the intention of the framers of the constitution, that persons then occupying any county office should not only continue in the exercise of its duties, but should enjoy the emoluments attached thereto by general laws, all fees allowed by special laws having been repealed by the adoption of the constitution. We are inclined to the opinion, therefore, this clause of the constitution is a limitation on the power of county boards to fix or change the compensation of officers previously elected.

It is claimed the General Assembly, under the latter clause of the 12th section of the 10th article of the constitution, had power to reduce the fees of existing officers. So it had, but that does not affect the case at bar, for the *per diem* allowance of county superintendents is not "fees," but compensation, as was held in *The Board of Supervisors* v. *Johnson, supra.* We see no reason to doubt the proposition that appellee is entitled to have his compensation fixed under the act of 1867.

In this view of the several constitutional provisions bearing on this question, we must regard the act of 1872 as only intended to have a prospective action, and to apply to county officers that should be elected after the adoption of the constitution. Appellee would not be affected by the provisions

of the act, and the resolution of the county board designating the number of days he should spend in the discharge of his official duties would be inoperative so far as he is concerned. Had he been elected since the adoption of the constitution, no doubt he would be subject to all its restrictions and limitations.

The proof shows the duties of the office, as defined by law, could not be performed in five days in each month. The public interest seems to have required that appellee should devote more time to the discharge of his official duties, and we are unable to detect in his conduct any abuse of a sound discretion with which he is clothed by the law creating his office and defining its duties.

It is both equitable and lawful that he should recover for his services rendered in the conscientious discharge of his official duties, and the judgment must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE CRAIG took no part in the decision of this case, as he was attorney for appellee in the court below.