NORFOLK SOUTHERN RAILROAD COMPANY v. J. W. McARTAN, Sheriff, and THE BOARD OF COMMISSIONERS FOR THE COUNTY OF HARNETT.

(Filed 28 March, 1923.)

**1. Highway—Bridges.**

The word "highways" includes within its meaning bridges thereon intended and used as public thoroughfares.

**2. Same—Counties—Contracts—State Highway Commission—Statutes.**

It is primarily required that a county construct and repair its bridges; and where the board of county commissioners has, with statutory authority, contracted with the State Highway Commission to build a bridge on its public road to be taken over in the State's system of highways, it is the duty of the board of county commissioners to provide the funds necessary for the purpose in the manner provided by law.

**3. Same—Taxation—Debt—Constitutional Law.**

The authority conferred by C. S., 3767-3772, upon the board of county commissioners to build, repair, or alter its road and bridges in any way that may. seem practicable, and issue bonds or borrow money and issue notes not to exceed.actual cost, and to levy sufficient tax on real and personal property to pay interest, and create a sinking fund, is not necessarily inconsistent with the amendment to Article V, section 6, of our State Constitution, excepting from the limitation of 15 cents on the $100 valuation of property a levy on county property for "a special purpose, .and with the approval of the General Assembly, which may be done by special or general act," the amendment only adding that the approval may be done by "general act."

**4. Same—Legislative Authority.**

Where, with special legislative authority, a board of county commissioners has contracted with the State Highway Commission to build a bridge on a public highway of the county, to be absorbed in the State's system of highways, and for the building of the bridge the county has incurred an indebtedness for which it has afterwards given its notes, exception to taxation levied .to meet these notes upon the ground that it required a special act of the Legislature to give them validity is untenable when proceedings for the purpose have been had under the provisions of the general statutes. C. S., 3767-3772.

**5. Constitutional Law—Amendments—Reënacting. Clause—Repeal.**

The rule under which a new constitution is construed to supersede a prior constitution does not apply to an amendment which reënacts' the former provisions with superadded powers, as in this case, the powers conferred upon the county commissioners to provide for the bridges on its highways, superadding the words that the approval of the Legislature may be by special or general statute. C. S., 3767-3772.

**6. Highways—Bridges—Counties—State Highway Commission—Taxation —Debt.**

The board of commissioners of a county contracted with the State Highway Commission, with legislative authority, to construct a bridge upon a highway to be included in the State's system of highways, and having incurred this obligation thereafter issued its notes therefor and the plaintiffs seek to enjoin a tax levied to pay these notes: *Held*, plaintiffs' position that it was unnecessary to create a sinking fund, as the State Highway Commission would repay the expenditure for the bridges, is untenable, and that it was incumbent upon the county commissioners to levy the tax to provide for the payment of the notes, principal, and interest, though executed after the obligation under the contract had been incurred.

APPEAL by plaintiff from *Daniels, J.,* at chambers, 30 December, 1922, from HARNETT.

Application for an injunction to restrain the collection of a tax for building bridges. For the year 1921, the commissioners of Harnett levied the following taxes on property of the value of $100: For schools, 50 cents; for general county purposes, 13 cents; for bonds, 2 cents; and

for bridges, 5 cents. The plaintiff brought suit to enjoin the collection of the tax for bridges on the ground that it conflicts with Article V, section 6, of the Constitution. The plaintiff's motion to continue a temporary restraining order was heard by Daniels, J., at chambers, on 30 December, 1922, and denied. The plaintiff appealed.

*R. N. Simms and Marshall T. Spears for plaintiff.*
*Charles Ross for defendant.*

ADAMS, J. On 20 May, 1921, the board of commissioners entered into a written contract with the State Highway Commission in accordance with the provisions of Public Laws of 1921, ch. 2, sec. 14, for the construction of the Lafayette Highway through Harnett County. Finding that it was necessary to borrow $100,000 to be applied in the construction of the road and the necessary bridges, the commissioners, on 24 May, authorized their chairman to issue for this purpose in the name of the county four notes of $25,000 each. These notes were supplemented by others issued for the same purpose, and when the taxes were levied for 1921, there were valid outstanding obligations of the county in a large amount in addition to the indebtedness contracted for the construction of the highway. The commissioners levied a tax which was sufficient in their opinion to retire at maturity the notes issued for borrowed money; and after the tax list was placed in the hands of the sheriff for collection, the plaintiff applied for and obtained the restraining order, which was afterwards vacated.

The plaintiff's cause of action rests on the contention that the total of the taxes is in excess of the constitutional limitation and that the tax assessed for the construction and improvement of bridges is invalid and unenforceable, and hence should not have been included in the levy. Article V, section 6, of the Constitution is as follows: "The total of the State and county tax on property shall not exceed fifteen cents on the one hundred dollars value of property, except when the county property tax is levied for a special purpose, and with the special approval of the General Assembly, which may be done by special or general act: *Provided,* this limitation shall not apply to taxes levied for the maintenance of the public schools of the State for the term required by Article IX, section 3, of the Constitution: *Provided further,* the State tax shall not exceed five cents on the one hundred dollars value of property."

The sum of the taxes imposed for bridges and for general county purposes exceeds fifteen cents, and the tax of five cents for bridges may be regarded as unauthorized unless embraced in the exception set out in the foregoing section. The defendants insist that this tax was levied on county property for a special purpose and with the special approval of

the General Assembly, and is, therefore, within the exception. The section of the Constitution hereinbefore cited originally provided that the taxes levied for county purposes should never exceed the double of the State tax, except for a special purpose, and with the special approval of the Legislature; but, as amended, it provides that the special purpose for which the tax is levied and the special approval of the General Assembly may be manifested by a special or general act.

We do not understand the plaintiff as denying that so much of the tax as was levied for the construction and repair of bridges was a tax assessed for a special purpose (*Brodnax v. Groom,* 64 N. C., 248), but as contending, among other things, that it was invalid because imposed without the special approval of the General Assembly. As we construe the pleadings, it is admitted by the parties that under the provisions of Public-Local Laws of 1913, ch. 427, the roads of the county were generally to be constructed and maintained by the several townships, and that the tax authorized by section 10 of this act was to be applied partly in payment of the cost of maintenance, partly in payment of the interest on the township bonds, and partly in the creation of a sinking fund sufficient in amount to retire the bonds as they respectively matured. For 1921 a tax was levied in each of the townships for road purposes, but neither party contends that the act of 1913 authorized the levy which is complained of in this action. But, in addition to the contention stated above, the plaintiff insists that the road commissioners appointed under this act constituted a road-governing body for each township; that the Lafayette Highway, as soon as it became a part of the State system of roads, was taken out of the supervision both of the road commissioners and of the board of county commissioners; and that it was no longer incumbent upon the townships or the county to construct or maintain thereon either culverts or bridges. However cogent this argument may be with respect to the township road commissioners, we are convinced that it is not applicable to the board of county commissioners. Primarily, a county is required to construct and repair its bridges (C. S., 1297, sec. 22); and as the board of commissioners under authority specially conferred (Public Laws of 1921, ch. 2, sec. 4), made a contract with the Highway Commission by the terms of which the county was to construct the Lafayette Highway, extending from the Wake to the Cumberland line, it was the duty of the board, if legally authorized, to provide the funds requisite for such purpose. The contract, it may be noted, embraced the construction of the necessary bridges, for the word "highway" includes bridges intended and used as thoroughfares. *Comrs. of Dodge County v. Chandler,* 96 U. S., 205; *Washer v. Bullitt County,* 110 U. S., 558.

R. R. v. McArtan.

In order to provide funds with which to build the road and bridges forming a part of the Lafayette Highway, there being no act applicable exclusively to Harnett County, the board, in issuing the notes above referred to, proceeded under C. S., 3767-3772, and the question is whether the tax complained of was authorized by these statutes. They provide in substance that whenever it shall be necessary to do so, the board of commissioners may build, repair, or alter any of the roads and bridges in the county in any way that may seem practicable, and for the purpose of raising funds with which to pay the cost, may issue bonds or borrow money and issue notes to an amount not to exceed the actual cost of such roads or bridges, and may levy upon all real and personal property in the county a tax sufficient to pay the interest on the bonds or notes, and to create a sinking fund to provide for their payment at maturity.

The plaintiff contends, first, that the board of commissioners was not authorized by these statutes either to issue the notes or to levy the tax, and, in the next place, that the board, even if authorized to do so, failed to comply with the statutory provisions. If these propositions can be maintained, the restraining order was improperly vacated.

With regard to the first objection, the plaintiff's argument is this: The sections referred to were in force prior to the amendment of Article V, section 6, of the Constitution, and when they were enacted a special act was required for the levy of a tax beyond the prescribed limit; and, moreover, it was not the intention of the General Assembly to confer authority by sections general in their application to levy a tax in excess of the constitutional limit.

In considering this argument it is expedient to keep in mind the change made by the constitutional amendment—more particularly the clause, "which may be done by any special or general act." With respect to the exception, this clause differentiates the amended section from the original. While it is true that a new constitution generally supersedes a prior constitution, it will be observed that the amended section, instead of repealing the former requirement as to the "special purpose" and the "special approval of the General Assembly," reënacts it with the superadded provision. The clause may be prospective as to the tax to be levied, but we discover no indication of an intent to repeal sections 3767-3772; and not having been expressly or impliedly repealed by the constitutional amendment, they remain in full force and effect. For these reasons the tax, which was levied after the Constitution was amended, was assessed for a special purpose, and with the special approval of the General Assembly expressed in a general act. *Calhoun County v. Galbraith,* 99 U. S., 214; *Knox County v. Christianer,* 68 Ill., 453; *Alleghany County v. Gibson,* 90 Pa., 397; *Douglass v. Harrisville,* 9 W. Va., 162; *Rogers v. Windoes,* 48 Mich., 628; *State v. Lynch,*

88 Ohio, 71; 6 R. C. L., 34. See, also, *Pegram v. Cleveland County,* 64 N. C., 557.

But, granting that sections 3767-3772 conferred authority upon the board to levy a tax for roads and bridges, the plaintiff further contends, as suggested, that these sections were not complied with; that the total cost of the bridges·on the highway was $59,116.06, on ·which the annual interest was about $3,600; that as the county was to ·be reimbursed by the Highway Commission, it was not necessary to create a sinking fund in accordance with section 3769; and, furthermore, that .when the tax was levied no notes had been issued for the construction of bridges. The plaintiff argues that in view of these circumstances the commissioners disregarded the provisions of the statutes under which they proceeded.

It should be specially noted that the contract with the Highway Commission was made on 20 May, and that the resolutions authorizing the issuance and execution of the notes for building the highway and bridges were adopted on 24 May and 11 July respectively. They were matters of record for weeks before the tax was levied.

Under these circumstances, we think it was incumbent upon the board of commissioners when they levied the tax to make provision for paying the full amount incurred by. their obligations, principal and interest, although at that time notes which were to be issued in pursuance of the contract had not in fact been executed and delivered.

We find no error in the record, and the judgment vacating the restraining order is

Affirmed.