LOTTIE E. LEWIS, TREASURER OF WAKE COUNTY, v. BOARD OF COMMIS-
SIONERS OF WAKE COUNTY ET AL.

(Filed 3 November, 1926.)

**1. Roads and Highways—Bonds—County Commissioners—Loan of Funds
—County Treasurer—Contracts—Custody of Funds—Statutes.**

Where a county has issued bonds (C. S., 3634 *et seq.*), for the purpose
of lending their proceeds to the State Highway Commission, to be used
for the construction of certain highways within the county, and the
county commissioners have such proceeds on hand, they may designate
the banks in which they are to be deposited (C. S., 3634, 3655), and
mandamus by the county treasurer will not lie for control of the funds
as a part of the general county funds coming within her control, under
the provisions of the statute. C. S., 1393.

**2. Same—Mandamus.**

Mandamus will not lie against public officials to compel the perform-
ance of an act unless the right is clear and unequivocal, or where its
existence is in doubt under a statute relating to the subject.

APPEAL by plaintiff from *Barnhill, J.,* at March Term, 1926, of
WAKE.

On 4 August, 1925, the board of commissioners of Wake County en-
tered into a contract with the State Highway Commission, whereby it
was agreed that the county would lend to the commission funds not
exceeding $1,300,000 for the purpose of paving certain roads in the
county, known as Routes 50, 21, 90 and 91. To provide these funds the
board ordered that an election be held on 20 October, 1925, to ascertain
the will of the qualified voters of the county on the question of issuing
bonds of the county in the proposed amount, and a majority of the
qualified voters favored the proposition submitted. The bonds were
sold for $1,303,250, which amount, less $335,250 paid to the highway
commission and $3,042.50 disbursed for necessary and lawful expenses
incident to the sale of the bonds, is now in certain banks to the credit of
the board of commissioners, acting, they claim, as the county road com-
mission. The plaintiff alleges that she is entitled to the funds; that
the board wrongfully withholds the funds from her; and she asks that
a writ of mandamus issue ordering the defendants to turn over to
her the amount derived from the sale of the bonds.

On the hearing it was adjudged that the plaintiff is not entitled to
the relief demanded, that the board of commissioners, acting as the
county road commission, is entitled to the custody of the funds, and that
the writ of mandamus be denied.

The plaintiff excepted and appealed.

*N. Y. Gulley* and *R. N. Simms* for plaintiff.
*P. J. Olive* and *J. W. Bailey* for defendants.

ADAMS, J. · It is the duty of the county treasurer to receive all moneys belonging to the county. C. S., 1393. The plaintiff alleges that by virtue of this statute she is entitled to the fund derived from the sale of the bonds. Whether she is the proper depositary is the question to be decided.

The statutes relating to general road improvement provide that under certain conditions bonds may be issued by the commissioners of any county for the purpose of laying out, opening, altering, or improving the public roads and bridges of the county, and that all moneys derived from the sale of such bonds shall be deposited by the commissioners in solvent banks paying the highest rate of interest on daily balances. C. S., 3634, 3655. The bonds issued pursuant to the election were sold and the proceeds were deposited in several banks in Wake County to the credit of the board of commissioners. The plaintiff takes the position that these deposits were unwarranted and unlawful because not authorized by section 3655 or any other statute. More particularly, she contends that the Legislature has provided two separate and unrelated systems for the construction and improvement of roads and highways, one applicable to counties (C. S., 3634 *et seq.*), the other, to the State (3 C. S., 3846(a) *et seq.*); that the fund in question is to be used for the construction and improvement of the State highway system; that counties have nothing to do with the highways of the State; the county commissioners having authority over public roads under their jurisdiction but no control over the construction of the State highways and no responsibility for their maintenance. 3 C. S., 3846(a), 3846(j), (c), (g), 3846(aa), 3846(cc).

On the contrary, the defendants say that the only theory upon which the plaintiff's argument apparently may be based is that the election authorizing the bonds was not held in compliance with section 3634 *et seq.*; that, in fact, the election was held pursuant to these statutes; that the county for the purpose of expediting the improvement of certain highways and of benefiting the county system agreed to lend to the State Highway Commission such sum as, added to funds available for road construction, should be sufficient to complete the proposed work; and that this procedure has received judicial approval.

It may be well to note that the following recitals appear in the judgment: The fund in controversy was derived from the sale of certain bonds issued by virtue of and under authority of an election held under section 3634 *et seq.*; the election was regularly and duly held; according to the provisions of section 3655 the commissioners designated cer-

tain solvent banks as depositories of this fund, and that the purpose of the bond issue was to advance money under a contract with the highway commission for the construction and improvement of parts of the highway system in Wake County.

In *R. R. v. McArtan,* 185 N. C., 201, it is said that a county primarily is required to construct and keep up its roads and bridges and that as the commissioners are authorized by 3 C. S., 3846(ee) to contract with the highway commission in reference to the construction of roads, it is their duty, so far as they are legally empowered, to provide the funds necessary for such purpose. In a later case the Court said that although special legislation may disclose a purpose to supervise and control the matter of roads by other boards, county commissioners, unless clearly forbidden by such legislation, may lend proper aid by appropriating general county moneys for this purpose. *Lassiter v. Comrs.,* 188 N. C., 379. And again: "Where there is no legislation providing otherwise, the boards of county commissioners are charged with responsibility for the construction and maintenance of the public roads in their respective counties; . . . that these governmental agencies, the boards of county commissioners and the State Highway Commission, are vested with power to enter into contracts for the construction of roads forming a part of the State highway system and the purpose of the act of 1921, ch. 2, is to encourage coöperation between the highway commission and the county authorities." *Young v. Highway Commission,* 190 N. C., 52.

Granted that the routes for the improvement of which the bonds were issued are parts of the highway system, and that the two systems are not mutually dependent, the contract between the board of commissioners and the highway commission is not for that reason invalid; and as it was adjudged that the bonds were issued by virtue of an election held under section 3634 *et seq.,* it would seem that the funds pending final disbursement should be deposited as provided in section 3655 —these two sections being a part of chapter 70, Art. 4, of Consolidated Statutes and relating to the same subject. At any rate, in the absence of direct authority to the contrary, we are of opinion that the plaintiff is not entitled to the relief demanded. Mandamus will issue only when the enforcement of a clear legal right is sought; it will not issue to enforce an alleged right which is doubtful. *Bernardin v. Duell,* 172 U. S., 576, 43 L. Ed., 559; *Umstead v. Board of Elections, ante,* 139; *Person v. Doughton,* 186 N. C., 723; *Person v. Watts,* 184 N. C., 499.

The judgment is

Affirmed.