M. F. HASKETT v. TYRRELL COUNTY ET AL.

(Filed 27 May, 1910.)

### 1. Counties—Jail—Necessary Expense—Bond Issue.

A jail is a necessary county expense, and in the absence of statutory restrictions, the county commissioners may pledge the credit of the county in order to obtain one.

### 2. Same—Legislative Powers—Restriction—Retroactive — Previous Contract—Validity.

The county commissioners entered into a contract for the building of a jail, as a necessary county expense; issued bonds for payment and sold them, receiving part payment and a check on a bank, until the payment of which they kept the bonds for security. The check was paid and the bonds delivered, but after the sale and before the physical delivery of the bonds the Legislature passed an act requiring the commissioners to advertise for bids on the jail, and annulled the commissioners' resolution to issue the bonds: *Held*, the contract for the sale of bonds was valid; the delivery in effect was made when payment, under the circumstances, was received, and the legislative act came too late to affect the transaction.

APPEAL from TYRRELL from the refusal of *Ferguson, J.,* to grant a restraining order, heard at chambers; plaintiff appeals. The facts are sufficiently stated in the opinion of the Court.

*Ward & Grimes* for plaintiff.
*I. M. Meekins* for defendant.

CLARK, C. J. On 1 February, 1909, the county commissioners of Tyrrell passed a resolution that it was necessary to build a jail for said county, and contracted with the Stewart Jail Works to build the same for the sum of $6,895. On the succeeding day, said board contracted with the Stewart Jail Works, in order to raise funds to pay for said work, to issue $6,500 in 6 per cent bonds, *i. e.,* 13 bonds of $500 each, bond No. 1 to fall due 1 February, 1918, and one bond to fall due 1 February of each succeeding year till all of said bonds should be paid, for which bonds the said Jail Works should pay cash at par. On 1 March, 1909, I. M. Meekins presented to the commissioners a written request from the Stewart Jail Works to turn over to him said $6,500 of bonds for them, stating that he would pay cash for the same. Meekins on that day paid the commissioners $500 in cash and gave his check for $6,000 on a bank in Norfolk, Va., which was paid on presentation. The bonds were left with the county treasurer till the check was paid, whereupon the bonds were duly delivered, and are now held by an innocent purchaser for value. The $6,500 received

for the bonds has been paid out from time to time to the contractors for building said jail.

On 2 March, 1909, the General Assembly ratified an act (Laws 1909, ch. 413) which prohibited the county of Tyrrell to contract for work on any public building without first advertising for bids, in the manner therein prescribed, and annulling the resolution of 2 February, to issue the bonds, and prescribing that bonds for such purposes should be issued only with the approval of a commission named in the act.

It was within the power of the General Assembly to restrict the county commissioners in incurring debt, even for necessary purposes (*Burgin v. Smith,* 151 N. C., 561), but the act ratified 2 March, 1909, came too late so far as this transaction is concerned. A jail is a public necessity and the county commissioners, in the absence of statutory restriction, had the power to make the contract of 1 February to build the same (*Burgin v. Smith, supra; Vaughn v. Commissioners,* 117 N. C., 432), and to issue bonds to raise money to pay for the work (*Commissioners v. Webb,* 148 N. C., 123). The contract for sale of bonds 2 February, 1909, was valid, as the statute then stood. The bonds were in effect delivered 1 March, when the commissioners received part cash and part in a check. The bonds were held as the property of the purchaser, as security for the payment of the check, which was paid on presentation.

Fraud vitiates everything, but none is alleged and proven in this case. The judge properly denied the motion for a restraining order and injunction.

Affirmed.