W. O. JACKSON ET AL. v. BOARD OF COUNTY COMMISSIONERS OF SURRY COUNTY.

(Filed 19 April, 1916.)

1. **County Commissioners—Discretionary Powers—Courts—Indictment—Jurisdiction—Duress.**

    A request from the judge holding court in a county to the solicitor to draw an indictment against the county commissioners for failing in their duty to provide a proper courthouse and jail cannot alone be regarded as a coercion of the commissioners in regard to their discretionary powers, or duress to invalidate bonds afterwards to be issued by them in pursuance of their resolutions to build a new courthouse and jail upon the sites of the old ones; and the bonds to be so issued will not be restrained either on that ground or the want of jurisdiction of the judge making the request.

2. **County Commissioners — Discretionary Powers — Necessary Expenses — Courthouses—Jails—Courts—Indictments—Defenses.**

    It is within the sound discretion of the county commissioners to have the courthouse or jail of the county repaired or to erect new ones on the same sites as a necessary county expense, which will not be reviewed in the courts in the absence of *mala fides;* and should a bill of indictment be drawn by the solicitor, at the request of the judge holding the courts of the county, and a true bill be found by the grand jury thereon, it is open to the commissioners to set up any available defense they may have.

3. **County Commissioners—Necessary Expenses—Courthouse — Jails—Special Taxes—Interest—Sinking Fund—Statutes.**

    While the county commissioners have the authority to repair the county's jail and courthouse and to erect new ones, in its discretion, it is without authority to levy a special tax to provide for the payment of interest on the bonds issued for that purpose, or to create a sinking fund therefor, for this must be provided for by proper legislation, or paid out of the general revenues and income of the county.

    ALLEN, J., dissents.

CIVIL ACTION in the Superior Court of SURRY County, heard by *Lane, J.,* at chambers, 3 January, 1916, upon application by the plaintiff for a restraining order. The court refused the motion, and the plaintiff appealed.

The board of commissioners of Surry County at their meeting on 6 December, 1915, made the following order:

"Whereas, by reason of the increase and growth in the public and material interests of the county in the last ten years, by which the business of the county has been much enlarged, demanding greater facilities therefor; and whereas the apparent need of a courthouse of sufficient size and capacity to preserve the records of the county and to provide room for the same has long been felt as a great public necessity; and whereas the grand jury of the county for a number of years, scarcely without exception, had in their official report declared the present building insufficient, and recommended the building of a courthouse in some measure suitable to the demands of the county, and like recommendation has been earnestly suggested by every judge who has presided for the courts of the county; and whereas the judge holding the October Term, 1915, of court instructed the solicitor of this judicial district to send a bill of indictment against the county commissioners at the next criminal term of the court, provided steps have not been taken for the erection of a new courthouse building suitable to the needs of the county; and whereas it is apparent to every citizen of the county that the present courthouse is utterly insufficient for the transaction of the public business; and whereas, by reason of the large growth in population and the resulting increase in crime, the county jail is found wholly insufficient and also is an old, dark, unsanitary building, without light or heat, or any provision for the health, cleanliness, and comfort of the person; and whereas there is no water, no way to clean or disinfect the present jail building; and whereas the grand jury of the county for the last ten years, scarcely without exception, have in their official reports of the present jail buildings recommended the building of a new jail in some measure suited to the needs of the county, and also to the demands of humanity, and a like recommendation has been earnestly advocated by every judge who during his lifetime has presided over the court of the county; and whereas at the October Term, 1915, of the court the judge of the court instructed the solicitor of the judicial district to draft a bill of indictment against the county commissioners charging them with neglect of official duty unless in the meantime they should actively commence the erection at the present site of a jail which will meet the requirements of the law and the needs of the citizens of the county; and whereas the board of county commissioners declared a larger and more commodious courthouse a public necessity; therefore, be it

"*Resolved,* That a new and sufficiently capacious courthouse, with necessary and modern conveniences, light, heat, and sewerage, be constructed on the site of the present building; also be it

"*Resolved,* That a new and sufficiently capacious jail, with sufficient and modern conveniences, light, heat, water, and sewerage, be constructed on the site of the present jail building; also, a house suitable for the jailer, on the same lot. All of the said buildings and improvements, including improvements of public sewerage, shall cost not exceeding $80,000. That to pay for said construction the board of commissioners issue, when needed, eighty notes, $1,000 each, making a total of $80,000, due and payable in thirty years, bearing interest not to exceed 5 per cent per annum, payable semiannually; that said notes be executed by the chairman of the board of county commissioners and signed by the clerk of said board in the presence of the county treasurer and a full board or majority of same."

It is to enjoin the defendants from carrying into effect the above order that this action is brought.

*R. L. Haymore for plaintiff.*
*W. F. Carter for defendants.*

BROWN, J. It appears in the record that at October Term, 1915, his Honor, Judge Cline, presiding, declared that the present courthouse for Surry County is inadequate for public purposes, and that the county jail is far worse in all respects than the courthouse, and that the county is growing both in population and wealth and well able to bear the expense of the erection of modern and suitable buildings.

The judge then "respectfully suggests and requests that the solicitor of this judicial district prepare and send a bill of indictment to the next grand jury, charging the commissioners of this county with neglect of official duty unless in the meantime they shall have actively commenced the erection, at the present sites, of a courthouse and jail which will meet the requirements of the law and the needs of the citizens of the county."

The plaintiff seeks this injunction upon two grounds, as set out in the brief: First, that the order made by Judge Cline is void for want of power to make it; and, second, that the order made by the commissioners hereinbefore set out was made because of the coercion of Judge Cline, which destroyed the discretion of the board of county commissioners in making the order, and that it was not made of their own volition.

The first ground is untenable for the reason that if Judge Cline's order is without jurisdiction, the defendants, the board of commissioners, need not obey it; and if they should be indicted or charged with contempt in disobeying such order, its invalidity would be a matter of defense for them. But as we construe the order, it does not command the commissioners to do anything. It is simply a request to the solicitor of the district to send a bill of indictment charging the commissioners with

neglect of official duty. It does not order the commissioners to do any-thing, and is not directed to them. If they should be indicted in ac-cordance with the recommendation of the judge, they would have every opportunity to set up any available defense, as was done in *S. v. Leeper,* 146 N. C., 655. The fact that the judge made such a recommendation to the solicitor affords no reason why the defendant board of commis-sioners should be enjoined from carrying out the provisions of the order made by them at their December meeting.

As to the second ground, that the defendants should be enjoined be-cause they are acting under duress, that is likewise untenable. In the first place, there is no evidence that the board of commissioners is acting under duress. It may be that the recommendations of the judge have influenced them to provide suitable public buildings for county purposes. Because of that it does not follow that they are coerced into doing a thing which their sound discretion does not approve. In any event, the allegation that they are acting under duress is no ground for injunction. If the commissioners are of the opinion that the judge's recommenda-tions are not well founded, it would be their duty to act upon their own judgment instead of following the recommendation of his Honor. The board of commissioners of the county is a body to whom the law en-trusts the administration of such matters. Such board is clothed with the power to order the erection of necessary public buildings for the county. It is a matter within the sound discretion of the county author-ities and their discretion will not be reviewed by the courts except when *mala fides* is shown. The building of a courthouse is a necessary county expense, and the board has full power, in their sound discretion, to re-pair the old one or to erect a new one, and in order to do so they may contract such debt as is necessary for the purpose. *Vaughn v. Comrs.,* 117 N. C., 429; *Brodnax v. Groom,* 64 N. C., 244; *Haskett v. Tyrrell Co.,* 152 N. C., 714. It should be borne in mind, however, by the county commissioners that while they are clothed with the necessary power to contract such indebtedness, they have no power to levy a special tax out of which to pay the interest and create a sinking fund, unless they have the special authority of the General Assembly. The interest on such bonds would have to be paid out of the general revenues and income of the county. *Comrs. of Pitt v. McDonald,* 148 N. C., 125. Under such conditions it would be well for the commissioners to consider carefully the advisability of prosecuting the work or of offering their bonds for sale until they are secured by some special legislation. There is nothing in this record that indicates that the board of commissioners are acting in bad faith, but rather they appear to be acting for what they think is for the best interests of the county. When so acting they are within their legal rights, and cannot be coerced by any findings or orders made by the judges of the Superior Courts.

The complaint in this case, we think, fails to state a cause of action, and the action is, therefore, dismissed.

Affirmed.

ALLEN, J., dissents.