[No. 16763. Department One. May 1, 1922.]

N. P. HANSEN et al., Appellants, v. P. T. LEE, Respondent.[1]

SCHOOLS AND SCHOOL DISTRICTS (21-1)—ACQUISITION AND USE OF PROPERTY—TEACHERS' DWELLINGS—STATUTES. Rem. Code, §§ 4481, 4486, 4493, 4532, 4538 and 4539 of the school code [Rem. Comp. Stat., §§ 4776, 4782, 4789, 4829, 4835 and 4836] do not give school districts of the third class any authority to erect dwellings for the use of school teachers.

SAME (21-1). Under the special act, Rem. Comp. Stat., §§ 4837–4840, authorizing school districts of the second or third class to carry out the communal functions set forth in § 4837, one of which is "to provide suitable dwellings for teachers," only school districts intending to carry out such functions are entitled to erect dwellings for school teachers.

SAME (21-1). An allegation that a school district had erected a dwelling house for teachers in conformity with the communal district act [Rem. Comp. Stat., §§ 4837–4840] is sufficient, as against a general demurrer, to show that the district was attempting to

[1]Reported in 206 Pac. 927.

come within the provisions of the law, and so was authorized to erect a dwelling for teachers.

SAME ('21-1). Rem. Comp. Stat., § 4839, of the communal school act, providing that the supervisors of a school district intending to assume the functions mentioned in Id., § 4837, including the power to erect dwellings for teachers, must approve the plans of any district for carrying out the act, has reference to the general plans for putting in force the general purposes of the act, and does not require that the supervisors approve the plans of the dwelling to be constructed.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered May 20, 1921, upon sustaining a demurrer to the complaint, dismissing an action for a writ of mandate to compel the issuance of a warrant. Reversed.

*C. T. Roscoe* and *Joseph H. Smith,* for appellants.

*Thos. A. Stiger,* for respondent.

BRIDGES, J.—The amended complaint in this case alleged that school district No. 11, in Snohomish county, is of the third class, and that R. T. Jones, C. M. Morgan and W. H. Young are its directors; that the defendant is the county auditor of Snohomish county; that in April, 1920, the board of directors of the district submitted to the qualified voters of that district, at an election duly called and held, the question whether a cottage or dwelling for the use of school teachers should be constructed on the premises belonging to the school district; that this election was in all respects according to law; that the people of the district voted almost unanimously for the levy of taxes sufficient to erect the cottage; that, after the election, the board of directors certified to the county commissioners the amount necessary to be raised by taxes for the purpose mentioned, and that thereafter the commissioners levied such taxes; that, after the election, the board of directors of the district called for bids for the erection

of the dwelling, and that such call was in all respects according to law; that the plaintiffs, Hansen and Bylling, were the lowest bidders and the contract was let to them for the sum of $1,484; that thereafter the contractors completed the building according to plans and specifications, and it was accepted by the directors; that, during the course of construction, the board had given to the contractors a voucher for $1,000, on account of such construction, and that upon presenting the voucher to the county auditor, he drew his warrant on the county treasurer for the amount thereof; that, after the completion of the building and its acceptance, the board of directors gave to the contractors a voucher for the balance, to wit, $484; that, although they presented to the auditor such voucher and demanded a warrant be drawn in their favor, he refused so to do; that the taxes levied for the construction of the house were collected and paid into the treasury of the county; that since the enactment of ch. 129, Laws of 1913, p. 395, it has been the settled policy of the department of education of the state of Washington to encourage school districts of the third class to erect and maintain suitable dwellings for school teachers, and that in many such districts such dwellings have been built; that "the plaintiff, school district No. 11, erected said teachers' cottage in conformity with ch. 129, Laws of 1913," and with the approval of the county superintendent of Snohomish. county and the state superintendent of public instruction.

The defendant demurred to the amended complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The court sustained this demurrer, and the plaintiffs having refused to further plead, a judgment was entered dismissing the action. They have appealed from that judgment.

The sufficiency of the amended complaint is the only question before us. The respondent contends that the general school code does not give districts of the third class any power to build dwellings for teachers; that if such districts have such power, it must be found in ch. 129, Laws of 1913, p. 395; that if it be conceded that act gives such power, the complaint fails to show that the plans for the building were presented to, and approved by, the board of supervisors, as required by such act. On the other hand, the position of the appellants is that the district was given this power by both the general school code and the 1913 act; that, if such power be found only in the 1913 act, it was not necessary to present the plans of the house to the board of supervisors; that, in any event, the people of the district have authorized the house, are now using it, and the district should pay for it.

Aside from ch. 129, Laws of 1913, p. 395 [Rem. Comp. Stat., §§ 4837-4840], the sections of the code pertaining to the powers of school districts of the third class and their directors are as follows: 4481, 4486, 4493, 4532, 4538, and 4539, Rem. Code. [Rem. Comp. Stat., §§ 4776, 4782, 4789, 4829, 4835, 4836.] It is not necessary to cite authorities to support the statement that school districts and their directors have only such powers as are by statute given them. A careful reading of all of the provisions of statutes affecting this question (except ch. 129, Laws of 1913, p. 395) shows that they do not, either expressly or by reasonable implication, grant any power or authority to school districts of the third class, or to their board of directors, to erect dwellings for the use of school teachers. We must, therefore, hold that if such districts have any such power or authority it must be found in ch. 129, Laws of 1913, p. 395.

Section 1 of that chapter (Laws of 1913, p. 395) reads as follows:

"That school boards in each district of the second class and third class may provide for the free, comfortable and convenient use of the school property to promote and facilitate frequent meetings and association of the people in discussion, study, improvement, recreation and other community purposes, and may acquire, assemble and house material for the dissemination of information of use and interest to the farm, the home and the community, and facilities for experiment and study, especially in matters pertaining to the growing of crops, the improvement and handling of live stock, the marketing of farm products, the planning and construction of farm buildings, the subjects of household economies, home industries, good roads, and community vocations and industries; and may call meetings for the consideration and discussion of any such matters, employ a special supervisor, or leader, if need be, and provide suitable dwellings and accommodations for teachers, supervisors, and necessary assistants." [Rem. Comp. Stat., § 4837.]

Section 2 (Laws of 1913, p. 396) authorizes such districts to:

". . . . . . reconstruct, remodel, or build school houses, and to erect, purchase, lease or otherwise acquire other improvements and real and personal property, and establish a communal assembly place and appurtenances, and supply the same with suitable and convenient furnishings and facilities for the uses mentioned in section 1 of this act." [Rem. Comp. Stat., § 4838.]

Section 3 (Laws of 1913, p. 396) provides:

"That plans of any district or combination of districts for the carrying out of the powers granted by this act shall be submitted to and approved by the board of supervisors composed of seven members, . . ." [Rem. Comp. Stat., § 4839.]

This section then proceeds to point out how the members of the board shall be chosen.

This act of 1913 is a special one. Its purposes are to authorize school districts to do and perform the various functions mentioned in § 1 of the act. Any school district of the second or third class desiring to perform the functions outlined in this chapter is authorized, for the purpose of carrying out such functions, to do certain things, and, among others, to "provide suitable dwellings and accommodations for teachers, supervisors and necessary assistants." Only school districts intending to carry out the functions of ch. 129 are authorized to build homes for teachers. The amended complaint alleges that this house was constructed in conformity with ch. 129, Laws of 1913, p. 395. We think that allegation is sufficient, as against a general demurrer, to show that the district was attempting to come within the provisions of that law. We hold, therefore, that the amended complaint shows power and authority in the district to construct dwellings for teachers.

It is stated in the briefs, although it does not elsewhere appear, that the trial court came to the same conclusion to which we have come, but sustained the demurrer to the amended complaint for the reason that it did not allege that the plans and specifications for the dwelling had been submitted to, and approved by, the board of supervisors composed of seven members. It is our opinion that this is not required by the 1913 law. Section 3 of that act (p. 396) provides that: ". . . . . plans of any district . . . . . for the carrying out of the powers granted by this act . . . . ." shall be submitted to, and approved by, the board of supervisors. It is not the plans of buildings which must be submitted to the board, but the gen-

eral plans for carrying out and putting in force the general purposes of the act. The act contemplates that the board of directors of the district shall determine whether the district will come within the provisions of this act, and, if so, also determine the ways and means for accomplishing the purposes therein mentioned. These are the "plans" which must be submitted to the supervisors.

If the appellants at a trial of this action can show that the district was constructing this dwelling for the purpose of performing the duties and functions provided in the 1913 act, then the writ asked for should be granted; otherwise it should be denied.

The judgment is reversed, and the cause remanded with directions to overrule the demurrer to the amended complaint.

PARKER, C. J., FULLERTON, TOLMAN, and MITCHELL, JJ., concur.