T. J. TAYLOR v. BOARD OF EDUCATION OF DAVIDSON COUNTY ET AL.

(Filed 21 March, 1934.)

Counties E b—County held authorized to issue bonds for sanitary improvements for school houses necessary to constitutional school term.

A county is authorized by specific or special legislation to issue without a vote bonds for sanitary improvements for its schoolhouses necessary for it to maintain, as an administrative unit of the State, the constitutional school term in the county, when the maturity dates of the bonds are within the limits fixed by the County Finance Act, and the bonded indebtedness of the county after issuance of the bonds will not exceed five per cent of the assessed valuation of the taxable property therein, 3 C. S., 1291(a). Chapter 81, sec. 8, Public Laws of 1927, as amended by chapter 60, Public Laws of 1931, 3 C. S., 5475, 5479.

APPEAL by plaintiff from *Sink, J.*, at Chambers in Rockingham, 9 January, 1934. From DAVIDSON.

Civil action to restrain the defendant board of commissioners of Davidson County, from issuing bonds of the county to care for necessary improvements of the consolidated schools of the county.

The case was heard on an agreed statement of facts, which may be abridged and stated as follows:

1. On 4 September, 1933, pursuant to notice from the State Board of Health, the board of education of Davidson County met in joint session with the board of commissioners of said county and found as a fact that the water supply, sewage disposal plant, heating system and building facilities for some of the consolidated schools of the county

(operated by the county as an agency of the State on the county-wide school plan) were inadequate, and that the requisite permanent improvements and additional equipment necessary to operate and maintain said schools for the constitutional six months period would call for the expenditure of $80,000. Said estimate was arrived at after a careful survey by a committee appointed for the purpose.

2. On 6 November, 1933, the board of education of Davidson County duly authorized application for loan for said amount and for said purposes from the Federal Emergency Administration of Public Works.

3. On the same day, the board of commissioners of Davidson County, acting on the resolution of the board of education of said county, and a joint resolution of both boards, authorized a bond issue in the sum of $80,000 to provide the necessary improvements and additional building facilities required for the operation and maintenance of the consolidated schools of the county, operated on the county-wide plan.

4. In the same resolution, the board of county commissioners authorized the borrowing of $80,000 from the Federal Emergency Administration of Public Works, and the issuance and delivery therefor of county bonds, in said sum, with maturity dates as follows: $4,000 per year from 1935 to 1944, inclusive; $7,000 per year from 1945 to 1949, inclusive; $5,000 in the year 1950; said bonds to bear interest at the rate of 4 per cent per annum.

5. It is agreed that $31,612,143 was the assessed valuation of taxable property in Davidson County for the last preceding assessed valuation; and that the total bonded indebtedness of the county is $697,000.

6. Application has been filed with the Federal Emergency Administration of Public Works to borrow said amount of money on the bonds of Davidson County, and said application has been approved.

7. Plaintiff sues as a resident and taxpayer of the county to restrain the issuance of said bonds. *Eaton v. Graded School,* 184 N. C., 471, 114 S. E., 689.

From a judgment upholding the validity of said proposed bonds and dismissing plaintiff's petition with costs, he appeals, assigning error.

*D. L. Pickard and Martin & Brinkley for plaintiff.*
*P. V. Critcher for defendants.*

STACY, C. J. We have held in a number of cases that the commissioners of a county, acting as an administrative agency of the State, may issue notes and bonds of the county for the purpose of acquiring sites, building the necessary schoolhouses and operating the public schools of the county without submitting the matter to a vote of the people "where such schoolhouses are required for the establishment or

maintenance of the State system of public schools in accordance with the provisions of the Constitution." *Julian v. Ward,* 198 N. C., 480, 152 S. E., 401; *Hall v. Comrs. of Duplin,* 195 N. C., 367, 142 S. E., 315.

It was said in *Frazier v. Comrs.,* 194 N. C., 49, 138 S. E., 433, that the counties of the State were, by the "County Finance Act," chap. 81, Public Laws 1927 (amended by the "Local Government Act," chap. 60, Public Laws, 1931), authorized to issue bonds and notes "for the erection of schoolhouses and for the purchase of land necessary for school purposes, and to levy taxes for the payment of the same, principal and interest, not as municipal corporations, organized primarily for purposes of local government, but as administrative agencies of the State, employed by the General Assembly to discharge the duty imposed upon it by the Constitution to provide a State system of public schools."

Section 8 of the County Finance Act provides, among other things, that the counties of the State may issue bonds and notes, and levy taxes for the payment of the same, for the "erection and purchase of schoolhouses."

It is also provided by 3 C. S., 5475, that the county board of education of any county, upon recommendation of the State Board of Health, shall provide for proper sanitation at each public school, deemed an essential and necessary part of the equipment of such school, and a failure on the part of the officers charged with this duty, or of county commissioners to provide the necessary funds, is made a misdemeanor.

Likewise, by 3 C. S., 5479, the duty is imposed upon the county board of education of the several counties to make such provisions as will give the teachers and pupils of the various schools a good supply of wholesome water during the school term.

Thus, it appears that specific or special legislative authority exists for the issuance of the bonds in question for the purposes designated. *Glenn v. Comrs. of Durham,* 201 N. C., 233, 159 S. E., 439.

It also appears that the bonded indebtedness of the county, after the issuance of said bonds, will not exceed 5 per cent of the assessed valuation of the taxable property in the county, the limit fixed by 3 C. S., 1291(a).

The maturity dates of said bonds are well within the limits fixed by the County Finance Act.

We find nothing in the School Law of 1933, chap. 562, Public Laws, 1933, which militates against any of the positions herein taken.

No error having been made to appear in the ruling of the court below, the judgment will be upheld.

Affirmed.