C. M. CASTEVENS AND JAMES FORREST, CITIZENS AND TAXPAYERS OF STANLY COUNTY, V. STANLY COUNTY AND T. R. WOLFE, J. V. BARRINGER, AND JOHN L. LITTLE, CONSTITUTING THE BOARD OF COMMISSIONERS OF STANLY COUNTY.

(Filed 11 December, 1935.)

1. **Taxation A a—County may issue bonds for necessary purposes without vote under Emergency Bond Act, notwithstanding provisions of local act.**

   A county may issue its bonds for a necessary special purpose with the special approval of the General Assembly, or to raise funds necessary to the maintenance of the constitutional school term, without submitting the issuance of the bonds to a vote, notwithstanding the provisions of a special statute requiring a vote, ch. 443, Public-Local Laws of 1927, when the purpose of the bond issue is to provide the county's part of the expense of a project for which a Federal grant is available, and the proposed bond issue comes within the provisions of the Emergency County Bond Act, ch. 427, Public Laws of 1935, the special act being harmonized with the Emergency Act to effectuate the legislative intent.

2. **Same—Public-local statute may not prohibit a county from issuing bonds for necessary school facilities as administrative State agency.**

   A public-local statute prohibiting the issuance of bonds without a vote does not prevent a county named in the act from issuing bonds to provide funds for the purpose of erecting school buildings, making additions to old building, and purchasing equipment necessary to the maintenance of the constitutional school term, since the county, in issuing bonds for such purpose, is an administrative agency of the State, and the public-local statute applies only to local matters.

3. **Taxation A b—Held: Taxes for payment of bonds issued under Emergency Bond Act for school purposes will not be subject to limitation.**

   Where a county has assumed all indebtedness of its political subdivisions for school purposes, and a proposed bond issue to provide funds necessary to the maintenance of the constitutional school term in the county is within the limitations of N. C. Code, 1334 (17), and comes within the provisions of the Emergency Bond Act, ch. 427, Public Laws of 1935, taxes for the payment of principal and interest of the proposed bond issue will not be subject to any limitation on the tax rate.

4. **Taxation A b—Bonds for county jail held for necessary, special purpose given special legislative approval, and taxes therefor are not subject to limitation.**

   Where it is stipulated in the agreed facts that defendant county's jail is unsafe and insanitary, and the erection of a new jail is a public necessity, bonds necessary to provide funds for the erection of a new jail, with plumbing, heating, and electrical work, are for a special necessary county expense, N. C. Code, 1297, 1317, and the issuance of such bonds is given special legislative approval, N. C. Code, 1321 (a), 1334 (8) (a), (d), and taxes necessary to pay principal and interest of such bond issue by the county are not subject to limitation on the tax rate. N. C. Const., Art. V, sec. 6, Art. VII, sec. 7.

**5. Statutes B a—**

Statutes relating to the same subject matter must be construed *in pari materia.*

APPEAL by defendants from *McElroy, J.,* at October Term, 1935, of STANLY. Reversed.

### AGREED STATEMENT OF FACTS.

"The plaintiffs and the defendants above named beg to submit to the court the questions of law involved in the above entitled controversy upon the following agreed statement of facts under section C. S., 626, and ask the court to determine the rights of the parties on said statement of facts.

"1st. That the plaintiffs C. M. Castevens and James Forrest are citizens, residents, and taxpayers of Stanly County, N. C., and are interested in the financial conditions and welfare of said county.

"2d. That T. R. Wolfe, J. V. Barringer, and John L. Little constitute the Board of Commissioners of Stanly County, and as such board have been duly inducted into office and are now discharging the duties of the Board of Commissioners of Stanly County imposed upon them by law.

"3d. That at a continued session of said Board of Commissioners held on 7 August, 1935, at 10 o'clock a.m., T. R. Wolfe (chairman), John L. Little and J. V. Barringer (members), and D. L. Crowell (clerk), being present, the County Board of Education presented a petition and requested the Board of Commissioners of Stanly County to issue school building bonds in order to provide the necessary funds for new school buildings, additions to present school buildings and school furniture, the total cost of above building and equipment not to exceed the sum of $380,000, less 45 per cent Federal grant of $171,000, leaving a balance to be financed by the county of 55 per cent, or $209,000, a copy of which is hereto attached, marked Exhibit 'A,' and asked to be made a part of this agreed statement of facts.

"4th. That when said resolution and request of the County Board of Education was presented to the Board of Commissioners of Stanly County said Board of Commissioners passed the following resolution, to wit: *'Be it resolved,* That this board approve the building and equipment program as set forth in the resolution of the County Board of Education in the maximum amount of $380,000, with the understanding that the Federal Government approve the grant of 45 per cent of the total and the cost to Stanly County is not to exceed 55 per cent. It is the understanding of this board that the Federal Government will purchase bonds of Stanly County issued to finance the above work at an

annual interest rate of not to exceed 4 per cent, in the event the county is unable to sell the bonds on the open market at 4 per cent or less. The secretary of the Board of Education is hereby authorized to make application to the Federal Government in behalf of the Board of County Commissioners of Stanly County for the above grant.'

"5th. That the Board of County Commissioners of Stanly County, North Carolina, met in continued session at the courthouse in Albemarle, N. C., on 26 August, 1935, at 10 o'clock a.m., the following members being present, to wit: T. R. Wolfe, chairman; John L. Little and J. V. Barringer, members; and D. L. Crowell, clerk; members absent, none; when and where a resolution was read, discussed, and passed by said board by the following vote: Ayes, three; noes, none; which said resolution approved the construction of a new jail with plumbing, heating, and electrical work, at a maximum cost of $60,000, with the understanding that the Federal Government approve the grant of 45 per cent of the total, and the cost to Stanly County not to exceed 55 per cent; and the clerk to the Board of County Commissioners of Stanly County was authorized to make application to the Federal Government on behalf of said board for the above grant, copy of said resolution is hereto attached, marked Exhibit 'B,' and asked to be made a part of this agreed statement of facts.

"6th. That the Board of Commissioners of Stanly County, through its secretary, and through the secretary of the Board of Education of said county, are asking the Federal Government for the grants set forth in said resolution and, if same are approved by the authorities of the Federal Government in charge of same, that the Board of Commissioners of Stanly County will issue bonds of said county (a) for school purposes, as set forth in said resolution, in the sum of $209,000, and (b) for the erection of a new jail in the sum of $33,000, provided said commissioners are authorized and empowered under the law to issue said bonds.

"7th. That the erection of a new jail in Stanly County is a public necessity; that several grand juries have recommended to the court that a new jail should be built at once, and the court has ordered the commissioners to take immediate action to build said jail, that the present jail is considered unsafe and insanitary.

"That the erection of a new school building and the repair of old school buildings and the purchase of furniture and equipment for school buildings are necessary expenses of the county of Stanly in order to provide the necessary facilities for all the children in Stanly County with the six months school term as provided by the Constitution of the State.

"8th. That the General Assembly of North Carolina, at its regular session in the year 1927, enacted chapter 443 of its Public-Local Laws

of the year 1927, which provided: 'That the County Commissioners of Stanly County, and the Board of Education of Stanly County and the Board of Road Commissioners of Stanly County are each hereby prohibited from issuing the bonds of said county for any purpose until after the same are approved by a majority of the votes cast on that question at a general election, or at an election duly called for that purpose; provided, this act shall not apply to bonds and notes authorized by the General Assembly of 1927, nor to cases of emergency, such as the destruction of buildings and bridges or other damages done by floods, storms, fire, or other unforeseen events.'

"Then follow some other provisions in regard to issuing the emergency bonds above provided for, which act was ratified on 4 March, 1927, the whole of which act is referred to as fully as if written herein.

"9th. That the Board of Commissioners of Stanly County are seeking to issue the bonds hereinbefore referred to under the terms of the Constitution of North Carolina, Art. VII, sec. 7, for necessary public expenses of the county, and also under the general laws of the State, and especially under chapter 427 of the Public Laws of 1935, known as the 'Emergency County Bond Act of 1935,' and ratified by the General Assembly on 11 March, 1935.

"10th. That the assessed valuation of all the property in the county of Stanly at the time of the ratification of the County Finance Act of 1927, was $31,810,997;

"And the net debt of the county of Stanly, other than for school purposes, at that time was $1,841,000, which was 5.8 per cent of the assessed valuation for that year;

"That the net debt of the county of Stanly for school purposes at that time was $19,000, which was .0003 per cent of the assessed valuation for that year.

"That the assessed valuation of all the property in the county of Stanly on 30 June, 1935, was $22,924,091.

"That the net debt of the county of Stanly, other than for school purposes, on 30 June, 1935, was $1,249,893.44, which was 5.4 per cent of the assessed valuation for that year;

"That the net debt of the county of Stanly for school purposes on 30 June, 1935, was $196,800, which was .007 per cent of the assessed valuation for that year.

"In the meantime, the county of Stanly has assumed all outstanding indebtedness for school purposes of every city, town, and school district, and school taxing district, township, or other political subdivision therein.

"11th. That unless restrained from doing so, the commissioners of Stanly County will proceed to issue the bonds of Stanly County in the

sum of (a) $209,000 for schools, as herein set out, and (b) the sum of $33,000 for the erection of a new jail, as hereinbefore set out.

"12th. That C. M. Castevens and James Forrest, citizens and taxpayers of Stanly County, contend that the Board of Commissioners of Stanly County have no right to issue said bonds: (1) Without a vote of the people as provided in chapter 443 of the Public-Local Laws of the year 1927, set out in paragraph eight hereof; (2) that they have no right to issue same under the constitutional authority or under the general laws of the State, or under chapter 427, Public Laws of 1935, known as 'Emergency County Bond Act of 1935'; (3) that the issue of said bonds would far exceed the power of the county to issue bonds on its present tax values in the county.

"The commissioners, on the other hand, contend that they have a right to issue said bonds, and intend to do so, for the purposes herein named.

"Upon the foregoing agreed statement of facts the plaintiffs and the defendants desire an adjudication.

"Respectfully submitted,

"JAMES D. FORREST,

C. M. CASTEVENS,

*Residents and Taxpayers of Stanly County.*

J. V. BARRINGER, *Member;*

T. R. WOLFE, *Chairman;*

JOHN L. LITTLE,

*Board of Commissioners of Stanly County.*

R. L. SMITH & SONS,

*Attorneys for Taxpayers.*

H. C. TURNER,

*Attorney for Stanly County."*

The judgment of the court below is as follows: "The above cause coming on to be heard upon the agreed statement of facts at the October Term, 1935, of Stanly County Superior Court, before his Honor, P. A. McElroy, judge presiding; and after a thorough discussion of the facts and the law, the court is of the opinion that chapter 443 of the Public-Local Laws of 1927, which has never been repealed, forbids the county to issue bonds for any purpose without a vote of the people: It is therefore ordered and adjudged that the county of Stanly be and it is hereby forbidden and restrained to issue bonds for building a jail and for the erection of school buildings and improvement of school buildings and the purchase of furniture, as asked for in the resolutions passed by the Board of Commissioners of Stanly County, and as set out in the agreed statement of facts. P. A. McElroy, Judge presiding."

To the signing of the foregoing judgment, the defendants excepted and assigned error, and appealed to the Supreme Court.

*R. L. Smith & Sons for plaintiffs.*
*H. C. Turner for defendants.*

CLARKSON, J.   The *first* question involved: Is the county of Stanly authorized to issue bonds for the purpose of erecting new school buildings, making additions to old school buildings and purchasing furniture and equipment for the same, cost not to exceed $209,000 to Stanly County, under the constitutional authority, under the general laws of the State, or under chapter 427 of the Public Laws of 1935, known as "Emergency County Bond Act of 1935," without a vote of the people as provided in chapter 443, Public-Local Laws of 1927, relating to Stanly County?   We think so, under the facts and circumstances of this case.   On the latter aspect of the question, the matter has been decided in *Burt v. Biscoe, ante,* 70.   The Acts of 1935, chs. 426, 427, are practically the same on the aspect here considered.

In the agreed statement of facts is the following: "That the erection of new school buildings and the repair of old school buildings and the purchase of furniture and equipment for school buildings are necessary expenses of the county of Stanly in order to provide the necessary facilities for all the children in Stanly County with the six months school term as provided by the Constitution of the State."

On this aspect this matter has also been decided adversely to plaintiffs' contention in *Julian v. Ward,* 198 N. C., 480.   At pp. 481-2 it is said: "The question involved: Does a public-local statute forbidding 'the Board of County Commissioners for the County of Randolph' to issue bonds without first submitting the matter to a vote of the people of said county prevent said commissioners, acting as an administrative agency of the State, from issuing bonds for the purpose of purchasing land, building the necessary schoolhouses, and operating the schools in said county as required by the Constitution without submitting the matter to a vote of the people?   We think not.   The Board of Commissioners for the County of Randolph, acting as an administrative agency of the State, can issue the bonds without a vote of the people, as the public-local statute applies only to local matters."   *Reeves v. Board of Education,* 204 N. C., 74; *Evans v. Mecklenburg Co.,* 205 N. C., 560; *Hickory v. Catawba Co.,* 206 N. C., 165; *Taylor v. Board of Education,* 206 N. C., 263; *Hemric v. Comrs. of Yadkin,* 206 N. C., 845.

The amount sought to be borrowed for school purposes is within the limitation fixed by N. C. Code, 1935 (Michie), sec. 1334 (17)—(1927, ch. 81, sec. 17), as Stanly County has assumed all outstanding indebtedness for school purposes.   If the bonds are issued under the "Emergency

County Bond Act of 1935," taxes for the payment of principal and interest will not be subject to any limitation imposed by any existing law.   Section 7, chapter 427, Public Laws of 1935.

The *second* question involved: Is the county of Stanly authorized to issue bonds for the purpose of erecting a new jail, with plumbing, heating, and electrical work, cost not to exceed $33,000 to Stanly County, under the constitutional authority, under the general laws of the State, or under chapter 427 of the Public Laws of 1935, known as "Emergency County Bond Act of 1935," without a vote of the people, as provided in chapter 443, Public-Local Laws of 1927, relating to Stanly County? We think so, under the facts and circumstances of this case.   On the latter aspect of the question this matter has been decided in *Burt v. Town of Biscoe, supra.*

N. C. Code of 1935 (Michie), sec. 1297, in part, is as follows: "The boards of commissioners of the several counties have powers: (9) To erect and repair county buildings—to erect and repair the necessary buildings and to raise, by taxation, the moneys therefore."   Section 1317: "There shall be kept and maintained in good and sufficient repair in every county a courthouse and common jail, at the expense of the county wherein the same are situated.   The boards of commissioners of the several counties respectively shall lay and collect taxes, from year to year, as long as may be necessary, for the purpose of building, repairing, and furnishing their several courthouses and jails, in such manner as they think proper; and from time to time shall order and establish such rules and regulations for the preservation of the courthouse, and for the government and management of the prisons, as may be conducive to the interests of the public and the security and comfort of the persons confined."

In *Jackson v. Commissioners,* 171 N. C., 379, at p. 382, it is said: "The building of a courthouse is a necessary expense, and the board has full power, in their discretion, to repair the old one or to erect a new one, and in order to do so they may contract such debt as is necessary for the purpose.   *Vaughn v. Comrs.,* 117 N. C., 429; *Brodnax v. Groom,* 64 N. C., 244; *Haskett v. Tyrrell Co.,* 152 N. C., 714.   It should be borne in mind, however, by the county commissioners that while they are clothed with the necessary power to contract such indebtedness, they have no power to levy a special tax out of which to pay the interest and create a sinking fund, unless they have the special authority of the General Assembly."

In the agreed statement of facts is the following: "That the erection of a new jail in Stanly County is a public necessity; that several grand juries have recommended to the court that a new jail should be built at once, and the court has ordered the commissioners to take immediate

action to build said jail, that the present jail is considered unsafe and insanitary."

N. C. Code of 1935 (Michie), sec. 1321 (a), is as follows: "The board of commissioners of the various counties throughout the State are authorized and empowered to issue bonds or notes for the purpose of borrowing money with which to erect, build, construct, alter, repair, and improve courthouses and jails, and to purchase the necessary equipment and furniture to be used therein."

It is the duty of the county commissioners to provide a sufficient courthouse and keep it in repair. It is their duty both to erect and keep in repair. They are cognate duties, and failure to do them is "neglect of duty." *S. v. Leeper,* 146 N. C., 655.

In the County Finance Act, Public Laws 1927, ch. 81, sec. 8, is the following: "The special approval of the General Assembly is hereby given to the issuance by counties of bonds and notes for the special purpose named in this section, and to the levy of the property taxes for the payment of such bonds and notes and interest thereon. Accordingly, authority is hereby given to all counties in the State, under the terms and conditions herein described, to issue bonds and notes, and to levy property taxes for the payment of the same, with interest thereon, for the following purposes, including therein purchase of the necessary land and, in the case of building, the necessary equipment: (a) Erection and purchase of schoolhouses. (d) Erection and purchase of a courthouse and jails, including a public auditorium within and as a part of a courthouse." N. C. Code of 1935 (Michie), sec. 1334 (8) (a), (d); *Harrell v. Comrs. of Wilson,* 206 N. C., 225 (227).

The before mentioned acts and the "Emergency County Bond Act of 1935" are acts relating to the same subject matter and must be construed *in pari materia.* The erection of a jail is a "necessary expense" and the "special purpose" has the "special approval" of the General Assembly.

It is said in *Glenn v. Commissioners,* 201 N. C., 233 (242) (concurring opinion): "The only way to preserve the vitality of Article V, section 6, and Article VII, section 7, of the Constitution is to adhere to the construction, as stated in the opinion of the Court, that the 'special purpose' for which the 'special approval' of the General Assembly is essential must be for a 'necessary expense' in contemplation of the constitutional provision."

For the reasons given, the judgment of the court below is

Reversed.