G. W. DENNY ET AL. v. MECKLENBURG COUNTY ET AL.

(Filed 28 April, 1937.)

**Taxation § 4—N. C. Code, 1334 (8), does not give special authority to counties to erect teacherages in connection with consolidated schools.**

N. C. Code, 1334 (8), giving special authority to counties to issue bonds and notes for the special purposes therein named, including the erection and purchase of schoolhouses, as administrative agencies of the State, does not grant special authority to issue bonds or notes for the erection and maintenance of teacherages in connection with consolidated rural schools, and where a proposed bond issue for this purpose has not been approved by the majority of the qualified voters of the county, an order restraining the issuance of the bonds is proper.

CONNOR, J., dissenting.

APPEAL by defendants from *Ervin, Special Judge,* at March Special Term, 1937, of MECKLENBURG.

Civil action to restrain the defendant Board of Commissioners of Mecklenburg County from issuing bonds in the sum of $96,000 to provide eight teacherages for the rural consolidated schools of the county.

Pursuant to the provisions of the County Finance Act, ch. 81, Public Laws 1927, and subsequent amendments, the question was duly submitted to a vote of the people and carried by a majority of the votes cast, but not by a majority of the qualified voters.

It is found as a fact that in the premises the defendants "are acting as an administrative agency of the State . . . to provide a State system of public schools according to the provisions of the Constitution."

It is the purpose of the county board of education to charge the teachers, occupying said buildings, as rental, a sum sufficient to liquidate the indebtedness during the life of the proposed bonds, which is to be thirty years.

The court being of opinion that no authority has been granted to Mecklenburg County, as an administrative agency of the State, to provide teacherages for the schools in question, granted the injunction prayed for by the plaintiff. Defendants appeal, assigning error.

*H. Haywood Robbins for plaintiff, appellee.*
*J. Clyde Stancill and Henry E. Fisher for defendants, appellants.*

STACY, C. J. The case turns on a single question. It is this: Does the special authorization to the counties of the State, as contained in section 8 of the County Finance Act, Michie's Code, 1334 (8), to issue bonds and notes for the special purposes therein named, including the

"erection and purchase of schoolhouses" and their "necessary equipment," carry with it special authority to erect and maintain teacherages in connection with rural consolidated schools? The trial court answered the question in the negative. We cannot say there is error in this ruling.

To hold as a matter of law that a teacherage is a part of the necessary equipment of a rural consolidated school would be to go farther than the General Assembly has gone, and, perhaps, entail some judicial engraftment. *Greenbanks v. Boutwell,* 43 Vt., 207. The statute is not fraught with any dubiety of meaning. A teacherage, which is to be run for profit and solely for the benefit of the teachers, is not included within its terms. As was said in *Hansen v. Lee,* 119 Wash., 691, 206 Pac., 927, "It is not necessary to cite authorities to support the statement that school districts and their directors have only such powers as are by statute given them. A careful reading of all the provisions of statutes affecting this question . . . shows that they do not, either expressly or by reasonable implication, grant any power or authority to school districts, . . . or to their board of directors, to erect dwellings for the use of school teachers."

The cases cited by the defendants, *Adams v. Miles,* 300 S. W. (Tex. Civ. App.), 211, and *Young v. Linwood,* 97 S. W. (2d) (Ark.), 627, are neither controlling nor directly in point. Indeed, the subsequent reversal of the *Adams case,* 35 S. W. (2d) (Tex.), 123, would seem to make it more nearly an authority for the plaintiff. Nor can the defendants derive any comfort from anything that was said in *Taylor v. Board of Education,* 206 N. C., 263, 173 S. E., 608, or *Frazier v. Comrs.,* 194 N. C., 49, 138 S. E., 433.

On the record as presented, the judgment would seem to be correct.

Affirmed.

CONNOR, J., dissenting: The judgment in this action is in accord with the opinion of the trial court that the Board of Commissioners of Mecklenburg County has not been authorized by the General Assembly of this State to issue bonds of Mecklenburg County for the purpose of providing funds for the erection of teacherages in certain school districts of said county, notwithstanding the finding of the board of education of said county, approved by the said board of commissioners, that said teacherages are necessary for the maintenance and operation of schools in said districts as required by the Constitution of this State.

The General Assembly, by statute, has authorized the board of commissioners of any county in this State, after compliance with all the provisions of the statute, to issue bonds of the county for the purpose of providing funds for the "erection and purchase of schoolhouses." N. C. Code of 1935, section 1334 (8).

There is in this State no statutory definition of the word "school-houses." In the absence of such definition, I do not think that it can be held as a matter of law that a teacherage is not a schoolhouse. On the facts found by the trial court in the instant case, I am of opinion that the Board of Commissioners of Mecklenburg County has authority to issue bonds of said county for the purpose of providing teacherages for the school districts of said county named in the resolution of the said board of commissioners. Accordingly, I think the judgment in this action should be reversed.