CARL P. WORLEY, CHAIRMAN, DR. R. E. EARP, PAUL KELLER, DR. B. L. AYCOCK, RAIFORD OLIVER, RALPH MEDLIN, HUBERT MASSENGILL, GILBERT BOYETTE, AND G. WILLIE LEE, TRUSTEES OF JOHNSTON MEMORIAL HOSPITAL, v. COUNTY OF JOHNSTON, BOARD OF COMMISSIONERS OF JOHNSTON COUNTY, R. P. HOLDING, CHAIRMAN, AND JESSIE H. AUSTIN, J. B. WOOTEN, J. DOBBIN BAILEY AND H. M. JOHNSON; J. NARVIN CREECH, TREASURER OF JOHNSTON COUNTY, AND J. MARVIN JOHNSON, AUDITOR OF JOHNSTON COUNTY.

(Filed 22 March, 1950.)

**Taxation § 11—**

Where the resolution of the County Commissioners in submitting to a vote the question of issuing bonds for a public hospital uses the word "buildings," and it is later found that a surplus will remain after the erection and equipment of the main hospital building, such surplus may be used for the purpose of erecting on the hospital grounds a home for nurses, technicians and others engaged in essential employment incidental to the proper operation of the hospital. G.S. 131-126.18, G.S. 153-77, as amended by Chap. 766, Session Laws of 1949.

APPEAL by defendants from *Morris, J.*, at Chambers, 7 February, 1950. From JOHNSTON. Affirmed.

This was a suit to determine the right of the trustees of Johnston Memorial Hospital to use unexpended funds remaining from a county bond issue for the erection of a public hospital for the purpose of erecting on the hospital grounds a nurses' home.

It was alleged in the complaint that pursuant to proper resolution of the Board of County Commissioners of Johnston County declaring that it was necessary for the benefit of the inhabitants of the County that a building or buildings be erected to be used as a public hospital, to cost $275,000 in addition to Federal and State funds available for that purpose, the question of issuing bonds in that amount and levying taxes to pay the principal and interest thereof was duly submitted to the voters of the County, and the proposition approved by a vote of 3978 for and 171 against. The bonds have been issued and sold, and contracts have

been let for the erection of a hospital building on property belonging to the County, the building to be a four-story building providing 100 beds and all incidental facilities and equipment. Owing to the decrease in the cost of construction, after using the Federal and State funds allocated and set aside for this building, it has been ascertained that there will be an unexpended surplus of $36,000 which the trustees of the hospital desire to use for the erection of a nurses' home on the hospital grounds. It was alleged that due to the location of the hospital near the northern limits of the Town of Smithfield, some distance from the principal residential section and from available hotel or other housing facilities, it was necessary for the proper operation and conduct of the hospital that a building be erected to provide housing for nursing, technical, and other essential hospital service, and the plaintiffs ask that the surplus funds not needed for the completion and equipment of the main hospital building be paid over to them for the erection and completion of this additional building.

The defendants admit all the allegations of fact set out in the complaint, but, doubting their authority in law to pay over to the plaintiffs any funds for any other purpose than the erection and equipment of the main hospital building, ask the court for judicial determination of their power to use public funds for the purpose proposed.

By stipulation this cause was submitted to the court for decision on the pleadings and affidavit, jury trial being waived. Accordingly Judge Morris heard the matter at chambers, and found that it was proper and necessary to the full enjoyment by the public of the privileges and benefits to be derived from the hospital building that another building be erected on the hospital grounds for the use of nurses and others employed in attendance on the hospital, and thereupon directed that defendants pay over to plaintiffs as trustees of Johnston Memorial Hospital for this purpose the surplus funds asked for whenever it should satisfactorily appear that a surplus in fact existed, over and above the cost of erecting and furnishing the main hospital building, and plaintiffs were empowered in that event to use this unexpended fund for the erection of a nurses' home.

Defendants excepted and appealed.

*Lyon & Lyon for plaintiffs, appellees.*
*Hugh A. Page for defendants, appellants.*

DEVIN, J. We think the court below has ruled correctly in holding, on the facts here shown, that the erection of another building on the hospital grounds for the use of nurses, technicians, and others engaged in essential employment incident to proper hospital care and attention was

included in the proposal for the construction of a public county hospital, and that the surplus not needed for the completion of main hospital building might be used for this purpose.

In the original resolution of the Board of County Commissioners submitting to popular vote the question of issuing bonds and levying taxes for a county hospital the word buildings was used, indicating it was contemplated the funds might be used for other building essential to the service to be rendered the people of the County in addition to and in connection with the main hospital building.

It may be noted also that G.S. 153-77, which empowers the issuance of bonds for the erection and purchase of hospitals, was amended by Chap. 766, sec. 3, Session Laws 1949, to include also hospital facility, and "hospital facility" in turn was defined in the same Act in sec. 2 (amending G.S. 131-126.18) as including specifically "nurses' homes." True, these amendments were enacted subsequent to the vote on the bond issue, but they were in force when it was ascertained a surplus would be available and when this suit was instituted.

The proposed use of unexpended funds presently available after the completion of the main hospital building for the purpose of erecting on hospital grounds a nurses' home may not be held to be in excess of, or a departure from, the general purpose declared in the original resolution of the Board of County Commissioners and submitted to the electorate for their approval. This conclusion on the facts here presented is supported by the recent decision of this Court in *Atkins v. McAden*, 229 N.C. 752, 57 S.E. 2d 484. In view of later enactments, the decision in *Denny v. Mecklenburg County*, 211 N.C. 558, 191 S.E. 26, is not controlling on the facts of this case.

Judgment affirmed.